IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, JOHN W. MCREYNOLDS, and THOMAS E. LONG,<br><br>Defendants. | Case No. 2:20-cv-00200-GAM |

### JOINT STIPULATION REGARDING SERVICE AND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT

Plaintiff Allegheny County Employees' Retirement System ("Plaintiff") and Defendants Energy Transfer LP, Kelcy L. Warren, John W. McReynolds, and Thomas E. Long ("Defendants" and collectively with Plaintiff, the "Parties"), hereby jointly stipulate and agree as follows:

1. WHEREAS, on January 10, 2020, Plaintiff filed a class action complaint in the above-captioned action (the "Complaint"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants;

2. WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 10, 2020, Plaintiff's counsel published notice alerting investors to the pendency of the above-captioned action and the January 21, 2020 deadline for seeking appointment as Lead Plaintiff, which was set by notice of a previously-filed case asserting substantially similar claims against Defendants;

3. WHEREAS, pursuant to the PSLRA, on January 21, 2020, four motions seeking appointment as Lead Plaintiff and approval of selection of Lead Counsel were filed by class

members in the above-captioned action;

4. WHEREAS, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the person or group of persons who are members of the alleged class that the Court determines to be "most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii);

5. WHEREAS, once the Lead Plaintiff and Lead Counsel are appointed, an operative complaint will be identified, or an amended or consolidated complaint will be filed, which will become the operative complaint;

6. WHEREAS, the Parties agree that in the interests of judicial economy, conservation of time and resources, and orderly management of this action, Defendants should not respond to the Complaint until after (i) a Lead Plaintiff and Lead Counsel are appointed by the Court pursuant to the PSLRA, and (ii) Lead Plaintiff files an operative complaint in this action; and

7. WHEREAS, the Parties agree that this Stipulation is made in full reservation of and without waiver or prejudice of any rights, claims, objections (with the exception of objecting to improper service of process), defenses, arguments, and motions in relation to the Complaint (or any subsequently filed complaint), including any motion to transfer this action to another court, whether procedural, substantive or otherwise, that any party may otherwise have.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, as follows:

1. Counsel for Defendants have been authorized and agrees that, without waiving any affirmative defenses and otherwise reserving all rights, the Complaint shall be deemed served upon all Defendants.

2. Defendants shall have no obligation to answer or otherwise respond to the Complaint, or any other complaint filed in this action, until after the appointment of a Lead Plaintiff and after Lead Plaintiff files an amended or consolidated complaint or designates an operative complaint.

3. Within fourteen (14) days of the entry of an order appointing Lead Plaintiff and Lead Counsel, Lead Counsel and counsel for Defendants shall submit to the Court a proposed schedule for filing an amended complaint or designating the operative complaint, and for Defendants to answer or otherwise respond thereto.

4. Defendants shall have no obligation to answer or otherwise respond to the Lead Plaintiff's amended, consolidated, or designated operative complaint until counsel for Defendants and Lead Counsel agree to, and the Court approves, a reasonable schedule regarding Defendants' response.

5. This stipulation is entered without prejudice to any party seeking any interim relief.

6. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that a party may have with respect to the claims set forth in the Complaint.

Dated: February 11, 2020

| **BARRACK, RODOS & BACINE** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| */s/ Jeffrey W. Golan* | */s/ Curtis J. Crowther* |
| Jeffrey W. Golan | Curtis J. Crowther |
| Robert A. Hoffman | Rodney Square |
| Jeffrey A. Barrack | 1000 North King Street |
| 3300 Two Commerce Square | Wilmington, Delaware 19801 |
| 2001 Market Street | Tel: (302) 576-6600 |
| Philadelphia, PA 19103 | Fax: (302) 571-1253 |
| Tel: (215) 963-0600 | ccrowther@ycst.com |
| Fax: (215) 963-0838 | |
| jgolan@barrack.com | |
| rhoffman@barrack.com | **VINSON & ELKINS LLP** |
| jbarrack@barrack.com | Michael C. Holmes |
| | Jeffrey S. Johnston |
| | Robert Ritchie |
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | William S. Stripling |
| | 2001 Ross Ave., Suite 3900 |
| | Dallas, TX 75201 |
| Hannah Ross | Tel: (214) 220-7700 |
| Avi Josefson | Fax: (214) 999-7923 |
| Michael D. Blatchley | mholmes@velaw.com |
| 1251 Avenue of the Americas | jjohnston@velaw.com |
| New York, NY 10020 | rritchie@velaw.com |
| Tel: (212) 554-1400 | |
| Fax: (212) 554-1444 | *Counsel for Defendants* |
| hannah@blbglaw.com | |
| avi@blbglaw.com | |
| michaelb@blbglaw.com | |

*Counsel for Plaintiff*

**IT IS SO ORDERED:**

DATED: 2/12/20

THE HONORABLE GERALD A. MCHUGH
UNITED STATES DISTRICT JUDGE

4