# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>      v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, JOHN W. MCREYNOLDS, THOMAS E. LONG, MARSHALL MCCREA, MATTHEW S. RAMSEY, MICHAEL J. HENNIGAN, and JOSEPH MCGINN,<br><br>                        Defendants. | Case No. 2:20-cv-00200-GAM |

## LEAD PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE OPERATIVE CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Lead Plaintiffs respectfully submit this sur-reply to address a single issue concerning the submission with Lead Plaintiffs' Opposition of a June 15, 2018 Energy Transfer notification to the U.S. Pipeline and Hazardous Materials Safety Administration ("PHMSA").[1] *See* Golan Decl., Pl. Ex. 1. That notification informed PHMSA that the Partnership intended to use a nearly century-old 12-inch pipe to tie into the 20-inch ME2 pipeline under construction. *See* Opposition at 14.

## INTRODUCTION

Defendants assert in their reply brief that Lead Plaintiffs' submission of the PHMSA notification constitutes an improper attempt to amend the Complaint. Def. Reply Br. at 11 & n.13. Defendants are wrong. Lead Plaintiffs submitted the PHMSA notification in response to Defendants' opening brief in order to correct Defendants' misleading assertion regarding the timing of the filing of the PHMSA notification and the Partnership's decision to use the 12-inch pipe.

Lead Counsel obtained the PHMSA notification through a FOIA request on the same day that Defendants filed their motion to dismiss. The notification should be considered by the Court for at least two separate and distinct reasons. First, the notification is not submitted to amend the Complaint but to correct Defendants' misleading assertion regarding the timing of their decision to use the 12-inch pipe. Second, the Complaint referenced the notification and it is well-established that the Court may consider material submitted with the parties' briefing if that material is integral to or specifically referenced in the Complaint.

## ARGUMENT

### I.   The Notification Corrects A Misleading Impression Created By Defendants' Brief

One category of false and misleading statements alleged in the Complaint is Defendants'

---

[1] All capitalized terms not defined herein have the same definitions as in Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition"), ECF No. 49.

misrepresentations concerning the expected "throughput" of ME2.[2]  The Complaint alleges that from June 27, 2017 through June 19, 2018, Defendants made a series of false statements that ME2 would have an initial capacity of 275,000 barrels per day with an upside of 450,000 barrels per day.  The Complaint alleges that these statements were false in part because this throughput was not achievable through a 12-inch pipe.  Defendants' opening brief misleadingly argues that the decision to utilize the 12-inch pipe was not made until after June 19, 2018, and therefore any statement concerning throughput made on that date or earlier could not have been false when made:

> Plaintiffs contend that in "mid to late June 2018" – <u>after the last of these statements was made on June 19, 2018</u> – Sunoco notified PHMSA that it was intending to use a pre-existing, smaller pipeline that would result in a lower initial capacity.  ¶ 440.  But the fact that Energy Transfer <u>later decided</u> to change course in this manner does not adequately allege that Energy Transfer's earlier statements were fraudulent; it simply reflects that Energy Transfer's plans changed.

Def. Opening Br., ECF No. 44-2, at 12-13 (emphasis added).

Defendants' argument that the Partnership made its decision to use a 12-inch pipe after June 19, 2018 is demonstrably false.  To begin with, the notification itself shows that it was submitted to PHMSA on June 15, 2018, *i.e.*, <u>before</u> the last of the alleged false statements concerning throughput on June 19, 2018.  ECF No. 49-3 at 1.  Moreover, because the decision to use the 12-inch pipeline necessarily entailed considerable internal planning, deliberation and approval, the notification to PHMSA constitutes strong additional evidence that Energy Transfer made the decision well before it actually notified PHMSA.  *See* ¶ 447.

Thus, contrary to Defendants' argument, the notification was not submitted to amend the Complaint.  Rather, it was made in response to a misleading assertion in Defendants' opening brief.

---

[2] In their Appendix A, Defendants have designated these as Statements 9-13, including footnote 4.

## II. The Notification Was Specifically Referenced In The Complaint And It Is Well-Established That The Court Can Consider Such Material

The Court should also consider the notification because it is explicitly referenced in the Complaint multiple times. For example, the Complaint alleges:

> <u>The fact that the Energy Transfer Companies knew that they needed to re-purpose the 12-inch pipeline well before mid-June 2018 is also demonstrated by the discussion of the timing of Sunoco's notification of that change to PHMSA.</u> As the West Whiteland Township's website discusses, by mid to late June 2018, Sunoco had already "advised [PHMSA] that they intend to use the existing 12" line to transport Natural Gas Liquids (NGLs). This line is currently used to transport other petroleum products." The website continued: "They need to give PHMSA a 60 day notice so they intend [to] start transporting NGLs in mid to late August" – i.e., Sunoco made the notification to PHMSA in mid to late June 2018… <u>Sunoco's notification to PHMSA necessarily involved internal discussion of the work and approvals necessary to make the change, as well as the preparation of any such submission to PHMSA, which would necessarily take a significant amount of time before Sunoco actually notified PHMSA.</u>

¶ 447 (emphasis added). *See also* ¶ 171 (noting July 3, 2018 press report that Sunoco was planning to pump NGLs through an existing 12-inch pipeline and that the article "reported that Energy Transfer had already filed a request for this change with the PHMSA"); ¶ 359 (asserting that Defendants' throughput statements were false and misleading because, among other reasons, "Energy Transfer had already applied to the PHMSA and spoken with multiple township managers in Pennsylvania concerning Energy Transfer's plan to re-purpose an old 12-inch pipeline").

In situations like this, where a Complaint specifically references (but does not attach) a document, Courts routinely consider the document when submitted either with a defendant's motion to dismiss, *see* Def. Opening Br. at 3 & n.1 (citing cases), or with a plaintiff's opposition to a motion to dismiss. *See Haney v. W. Chester Univ.*, 2018 WL 3917975, at *2 n.4 (E.D. Pa. Aug. 16, 2018) (considering document plaintiff attached to its motion to dismiss opposition because it was "integral to or explicitly relied on in the Complaint"); *Kern v. Schuylkill Intermediate Unit 29*, 2010 WL 235107, at *5 n.4 (M.D. Pa. Jan. 15, 2010) ("The Court may

3

consider Tharp's charge of discrimination, which Plaintiffs' counsel attached as Exhibit 'B' to their Memorandum in Opposition to Defendants' Motion to Dismiss, because it is an integral document."); *Nelson v. Jones & Brown, Inc.*, 2001 WL 1336447, at *1-2 (W.D. Pa. July 17, 2001) (considering correspondence that was "specifically referred to in the Complaint" that was attached to plaintiff's motion to dismiss opposition).

In support of their argument that the Court should disregard the PHMSA notification, Defendants cite this Court's decision in *Dunkin Donuts Franchising LLC v. Claudia III, LLC*, which observed that "[i]t is axiomatic the complaint may not be amended by the briefs in opposition to a motion to dismiss." 2014 WL 12618097, at *2 (E.D. Pa. Dec. 5, 2014) (internal citation and quotation omitted). At issue in *Dunkin Donuts* was whether a counterclaim for tortious interference with contract adequately alleged communication with a third-party buyer. The counterclaiming party, Claudia III, asserted in opposition to the motion to dismiss that such communication occurred, but the Court declined to consider that assertion because "the allegations of Dunkin's direct contact with the buyer are not in Claudia III's counterclaim." *Id.*

In contrast to *Dunkin Donuts*, where there was no allegation of a key element of the counterclaim, the Complaint here plainly alleges that Energy Transfer made the decision to use the 12-inch pipeline "well before mid-June 2018" and cited the PHMSA notification in support of that allegation. ¶ 447. Far from seeking to create a new set of facts, as the counterclaiming party did in *Dunkin Donuts*, Lead Plaintiffs submitted the notification as corroboration of their existing allegation and in response to Defendants' false counter-narrative that sought to argue that the decision to use the smaller pipeline was not made until after Defendants' statements on June 19, 2018. The notification, which is a corporate admission in an official government record, is thus

4

entitled to be considered by the Court.[3]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Lead Plaintiffs' Opposition, Defendants' motion to dismiss should be denied in its entirety and this case should be allowed to move forward for discovery and other proceedings.

Dated: November 13, 2020

Respectfully submitted,

**BARRACK, RODOS & RACINE**

*/s/ Jeffrey W. Golan*
Jeffrey W. Golan
Robert A. Hoffman
Jeffrey A. Barrack
Meghan J. Talbot
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
rhoffman@barrack.com
jbarrack@barrack.com
mtalbot@barrack.com

John C. Browne (admitted *pro hac vice*)
Adam H. Wierzbowski (admitted *pro hac vice*)
Michael M. Mathai (admitted *pro hac vice*)
James M. Fee (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**

---

[3] The Court may also consider the June 15, 2018 filing of the notification by taking judicial notice of that fact pursuant to Federal Rule of Evidence 201, because that fact "is not subject to reasonable dispute because it: … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in adjudicating a Rule 12(b)(6) motion to dismiss, "courts must consider ... documents incorporated into the complaint by reference … and matters of which a court may take judicial notice"); *United States v. Kindred Healthcare, Inc.*, 2020 WL 3529438, at *1 & n.3 (E.D. Pa. June 29, 2020) (taking judicial notice of government agency records and explaining that it was "proper as the Court may take judicial notice of public records"). Defendants have not, and cannot, dispute the accuracy of the filing, including the date of the filing, of their own public record filed with PHMSA.

**& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com
adam@blbglaw.com
michael.mathai@blbglaw.com
james.fee@blbglaw.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

John D. Zaremba
**ZAREMBA BROWN PLLC**
40 Wall Street
52nd Floor
New York, NY 10005
Telephone: (212) 380-6700
jzaremba@zarembabrown.com

*Additional Counsel for Lead Plaintiff and the*
*Class*

6