# Vinson&Elkins

Michael C. Holmes   mholmes@velaw.com
**Tel +**1.214.220.7814

March 17, 2021

*Via ECF Filing*

Hon. Gerald A. McHugh, U.S.D.J.
U.S. District Court for the
  Eastern District of Pennsylvania
James A. Byrne Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

Re:   *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM

Dear Judge McHugh:

   Plaintiffs' March 11, 2021 letter brief (Dkt. 62) purports to provide the Court with "supplemental authority."  But the "authority" Plaintiffs cite is a four-page, unpublished, out-of-state, state court opinion that concerns different statements than are at issue here, made by different speakers, and evaluated under different law (the "New York Opinion" or "*EdgeMarc*").  *See* Dkt. 62-1.  It should not affect the Court's decision on Defendants' Motion to Dismiss.

   Plaintiffs contend that the New York Opinion is relevant because it, like a portion of Plaintiffs' claim here, relates to alleged fraud concerning Energy Transfer's Revolution pipeline.  However, the similarity ends there.  In the New York Opinion, the court revived common law fraud claims brought by contractual counterparties of ETC Northeast Pipeline, LLC, a subsidiary of a subsidiary of Energy Transfer LP, because the New York complaint adequately alleged that "at meetings in Pennsylvania on August 23 and 24, 2017, defendant's Director of Business Development made false, misleading, and incomplete statements to plaintiffs' representatives that the pipeline was on track to be fully complete by January 2018 and ready for commercial service by July 1, 2018, when defendant knew it was not on track."  Dkt. 62-1 at 3.  This allegation satisfied New York's pleading standard because it "inform[ed] defendant with respect to the incidents complained of."  *Id.* at 4.  This finding fails to salvage Plaintiffs' securities fraud claim for several reasons.

   <u>The entity and speaker are different</u>. The New York Opinion is irrelevant on the question of scienter here.  Scienter in the New York Opinion was based on the purported knowledge of an individual who is not a party to this case, is not even mentioned in the Amended Complaint, did not make any of the statements at issue in this case, and is employed by an indirect subsidiary of Energy Transfer LP—a fact

that Plaintiffs obscure by redefining the subsidiary in question as "Energy Transfer."  *See* Dkt. 62 at 1.  Since "the Third Circuit has declined to impute the scienter of a subsidiary to a parent," the knowledge of this individual—or of ETC Northeast Pipeline, LLC more generally—is irrelevant to the scienter calculus here.  *Christian v. BT Grp. PLC*, 2018 WL 3647218 (D.N.J. Aug. 1, 2018) (citing *Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 246 (3d Cir. 2013)).

The representations and allegations are different.  The Revolution statements at issue in the Amended Complaint consist of various projections of when this pipeline would be "complete" and "in service," culminating with an unattributed June 1, 2018 assertion that the Revolution pipeline was "mechanically complete" and "ready to be placed into commercial service."  *See* MTD at Appx. A (Dkt. 44-3), Statements 21-26.  Plaintiffs' claims about these statements all founder because the June 1, 2018 statement was entirely accurate.  Indeed, despite filing a 491 paragraph complaint, Plaintiffs plead no facts suggesting that in June 2018 the Revolution pipeline was not mechanically complete and awaiting connection to additional pipelines that would place it into service.  The New York Opinion—which focuses on predictive statements made at private meetings in August 2017—does not change this deficiency in the Amended Complaint.

The June 1, 2018 statement also forecloses Plaintiffs' claims about Defendants' prior projections of when the Revolution would be complete and placed in service.  This is because Plaintiffs' damages are based on a series of purported "corrective disclosures," the first of which occurred in August 2018.  *See* Am. Compl. ¶ 400.  By August 2018, however, the June 1, 2018 statement had already disclosed to investors that the Revolution pipeline *was* mechanically complete and ready for service.  Accordingly, the alleged "corrective disclosures" did not reveal new information refuting Defendants' prior projections of when Revolution *would be* completed.  "Corrective disclosures must present facts to the market that are new, that is, publicly revealed for the first time[.]"  *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 473 (4th Cir. 2011).  Because Plaintiffs' alleged harm consists of stock market losses occurring on the date of the alleged corrective disclosures, Plaintiffs cannot purport to be damaged by 2017 projections that had been superseded in the first half of 2018, before any of those purported corrective disclosure were made in the second half of 2018.  *See* MTD Br. (Dkt. 44-2) at 11-12 n.16, 17 n.27.  This is far different from the New York plaintiffs, whose purported harm turns on their decision to provide equity funding for a natural gas production company in November 2017.

The substantive and procedural standards are different.  The New York Opinion is based on common law fraud—not federal securities fraud precedents—and a pleading standard more akin to notice

V&E

pleading than the strict requirements of the PSLRA.[1]  Thus, to the extent there is overlap between Plaintiffs' allegations and the New York plaintiffs' allegations, these overlaps are of no moment.

For instance, Plaintiffs argue that "as in *EdgeMarc*, Lead Plaintiffs also allege that Energy Transfer knew . . . that the Revolution pipeline was being built in high risk areas, with known propensities for landslides." Dkt. 62 at 3.  But the statements at issue in the Amended Complaint say nothing at all about whether the area in which the Revolution pipeline was being constructed was "high risk" or had a "propensity for landslides."  Plaintiffs' argument thus amounts to a contention that Defendants could have said more on the subject of the Revolution pipeline.

But, "[u]nfortunately for [Plaintiffs] . . . § 10(b) and Rule 10b-5 do not impose liability for 'statements that are simply incomplete,' only those that are 'misleading or untrue.'" *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 503 (3d Cir. 2016) (*quoting Winer Family Tr. v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007)).  Thus, because Plaintiffs' contention about the Revolution pipeline being constructed in a "high risk" area does not alter the "truthfulness or accuracy of the fact" asserted—that Revolution's construction was "mechanically complete" as of June 2018—it cannot render the statement actionable. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 998 (10th Cir. 2002); *see also, e.g., R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (dismissing claim that statements disclosing a company's debt obligations were misleading because the company "did not have the cash to make the payments required" and "was relying on risky contingencies to supply sufficient cash for the payments").

Tellingly, Plaintiffs cite no federal securities law to the contrary.  Instead, Plaintiffs quote a portion of the New York Opinion explaining that common law fraud liability can be found for "false, misleading, *and incomplete statements*." Dkt. 62 at 2.  Because this is not the standard that governs here, Plaintiffs' claim would fail even if they had sufficiently alleged that the Revolution statements were "incomplete," which they have not.

Plaintiffs also suggest that the Revolution pipeline was not "ready to be placed into commercial service" in June 2018 because in September 2018—three months *after* the statement was made—a landslide caused by a tropical storm triggered an incident that made Revolution unfit for service.  Dkt. 62 at 3 (citing Am. Compl. ¶ 351, Statement 26).  But, as the Third Circuit has made clear, "to be actionable,

---

[1] *See, e.g., Syncora Guar. Inc. v. Alinda Capital Partners, LLC*, 2013 N.Y. Slip Op. 31489[U], 2013 WL 3477133, at *18 (Sup. Ct., N.Y. County 2013) (New York state's standard for pleading fraud "is a more lenient test than the Second Circuit's 'strong inference of fraud' test, in that it requires only that the complaint include 'facts from which it is possible to infer defendant's knowledge of the falsity of its statements.'") (citation omitted); *PMC Aviation 2012-1 LLC v Jet Midwest Grp., LLC*, 2016 N.Y. Slip Op. 30972[U], 2016 WL 3017763, at *8 (Sup. Ct., N.Y. County 2016) ("The particularity required by CPLR 3016(b) is not as exacting as what is required under Rule 9(b) in federal court").



a statement or omission must have been misleading at the time it was made; liability cannot be imposed on the basis of subsequent events." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1330 (3d Cir. 2002); MTD Br. (Dkt. 44-2) at 16-17 (same).[2] The incident at the Revolution site in September 2018 thus cannot render Defendants' statement that the Revolution was ready for service in June 2018 actionable under the federal securities laws. *Cf. City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 880 (3d Cir. 2018) ("private securities actions" are not "'a partial downside insurance policy' against the vicissitudes of the market").

\*   \*   \*

Accordingly, Plaintiffs' "supplemental authority" letter does nothing to save the statements at issue concerning the Revolution pipeline from dismissal. Those statements, and the rest of Plaintiffs' Amended Complaint, should be dismissed with prejudice for the reasons provided in Defendants' Motion to Dismiss and Reply in support thereof.

Respectfully submitted,

*/s/ Michael C. Holmes w/p*

Michael C. Holmes

---

[2] While the Motion to Dismiss was pending the Third Circuit reaffirmed this principle. *In re Newell Brands, Inc. Sec. Litig.*, 2020 WL 7040968, at \*4 (3d Cir. Dec. 1, 2020) ("[I]n alleging falsity, a plaintiff cannot 'rely on conjecture based on subsequent events,' but should instead cite contemporaneous sources.").