IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>   Defendants. | Case No. 2:20-cv-00200-GAM |

**STIPULATION AND ORDER**
**ESTABLISHING A FACT DEPOSITION PROTOCOL**

IT IS HEREBY AGREED, by and between the parties (the "Parties") to the above-captioned action (the "Action"), that the following provisions of this stipulation (the "Stipulation") shall govern depositions in this Action. The Stipulation is based on the following and subject to the conditions set forth below:

WHEREAS, pursuant to the Court's July 8, 2021 Case Management Order, the Parties have conferred about the limitations on deposition discovery set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i);

WHEREAS, the Parties may conduct at least some of the depositions taken in this Action remotely given the continued impact of the COVID-19 pandemic, the related social distancing recommendations and travel restrictions, and the cost savings and efficiencies associated with remote depositions; and

WHEREAS, the Parties have discussed and have come to agreement regarding the details of such depositions, as set forth below.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, pursuant to Federal Rules of Civil Procedure 29 and 30(b)(4) that:

1. The parties are not presently in a position to agree upon, or provide the Court with their views, on the ultimate number of fact witness depositions that should be allowed, and commit to engaging in further meet and confers as the document production phase of the case moves forward;

2. Depositions in this Action may (but are not required to) be taken remotely, i.e., using a telephone- or internet-based service agreed upon by the Parties prior to the taking of any such deposition. If any Party or non-party, where applicable, requests that a deposition proceed remotely in light of health and safety concerns, the Parties agree to respect such a request to the greatest extent practicable. The Parties further agree that any dispute regarding whether a deposition will proceed as a remote deposition shall be raised with the Court no less than ten (10) days prior to the noticed deposition date to the extent practicable. The Parties stipulate and waive any objections to utilizing an electronic internet-based service to obtain deposition testimony.

3. The noticing Party shall provide notice in the relevant notice of deposition(s) (or by email if the notice has already been served) that the deposition shall proceed remotely. Any depositions so noticed shall be governed by this Stipulation and Order.

4.	The Parties agree to use reasonable efforts to minimize technical disruptions during a remote deposition. In the event that the court reporter or stenographer (referred to herein as a "court reporter"), videographer, deponent, or counsel for either Party or the deponent experiences any technical difficulties (e.g., connection issues), the Parties agree to suspend the deposition, at either Party's option, until those difficulties are resolved. The fact of such technical difficulties will be noted on the record as soon as the Parties become aware of their existence. The time period during which any deposition is suspended for technical reasons will not count against the 7-hour time limitation. To the extent a remote deposition needs to be adjourned due to technical difficulties that cannot be resolved within an hour, the Parties agree to make the deponent whose deposition was interrupted available at the earliest, mutually convenient date and time to provide additional testimony not to exceed, when combined with the portion of the deposition previously completed, the agreed-upon hour limitation. The Parties will jointly request that the Court extend any deadlines to allow completion of the deposition. The Parties do not waive their right to request additional testimony for any other reason, nor do the Parties waive any objections to any such request. Any Party affected by a technical disruption during a deposition must raise any objection as to the portion of the deposition during which the affected Party's participation was impaired as soon as possible, but in no event later than the conclusion of the deposition unless such conclusion occurs before the affected Party is able to rejoin the deposition.

5.	The deponent, counsel for the deponent and the Parties, and the court reporter and videographer may (but are not required to be) each be in separate locations during remote depositions taken in this Action, and this arrangement shall not provide any basis for an objection to the taking of the deposition or subsequent use by any Party of the deposition testimony.

6.      For remote depositions, oaths may be administered to deposition witnesses on the record at the start of the deposition or via an affidavit signed by the witness. Such an affidavit or remote swearing-in shall satisfy Federal Rules of Civil Procedure 28 and 30(b)(5) and have the same force and effect as if the oath had been administered in person, and is deemed to impose an ongoing and continuing obligation to provide testimony in a truthful and honest manner under the penalty of perjury.

7.      For the avoidance of doubt, the Parties agree that any available court reporter authorized to administer oaths in the states of New York or Texas or the Commonwealth of Pennsylvania may administer oaths and take remote deposition testimony in this Action, even if the deponent is located in another state.

8.      The court reporter will stenographically record the testimony, and the court reporter's official transcript shall constitute the official record.

9.      The Parties agree that the video-recorded remote depositions taken in this Action pursuant to this Protocol may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing. The Parties shall not assert that any testimony or video recording of such testimony during a remote deposition is inadmissible in any court or in connection with this Action on the ground that the testimony was obtained through a remote deposition, and shall not object to the other Party's use or introduction of any such content in this Action on that basis. Nothing in this paragraph is intended to limit or waive any Party's right to object to such testimony or any video recording of such testimony on any other basis.

10.     The Parties agree that any or a combination of the following methods for administering exhibits may be employed during a remote deposition:

    a. If any participant is physically present with the deponent during the remote deposition, the noticing Party may designate an attorney to provide in-person physical copies of documents to the deponent when directed to do so by the questioning attorney.

    b. Counsel noticing the deposition may choose to mail physical copies of the documents that may be used during the deposition to the deponent, counsel for the deponent and the Parties, and the court reporter.  In that event, noticing counsel shall inform the recipients before mailing the documents and shall provide tracking information for the documents.  Such documents shall be delivered by 12:00 p.m. ET the business day before the deposition.  Recipients shall keep packages of physical copies sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.

    c. Counsel may display exhibits electronically through the remote deposition platform.  In that event, the deponent shall be able to access and control the entire exhibit, along with any attachments, during the deposition.  That a deponent was provided with an electronic copy of an exhibit during a remote deposition, without having been provided a hard copy of that exhibit, shall not be an independent basis to object to the admissibility of that exhibit at trial.

  11. The noticing Party shall inform the counsel for the deponent, counsel for the other Parties, and the court reporter at least three (3) business days prior to the remote deposition if the noticing Party will administer exhibits pursuant to methods in Paragraphs 10(a) – (c) above. Counsel shall respectfully and timely resolve any disagreements about which method of displaying exhibits shall be used.

12. During any deposition taken in person, hard copies of exhibits shall be provided to the court reporter, counsel for the deponent, and counsel for other parties that may be present at the deposition.

13. The only recording of the deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporting service to record only when the deposition is on the record. However, barring any technical difficulties, the questioning and defending attorneys must be visible on screen for the duration of the deposition.

14. Depositions shall be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, and any orders of this Court..

15. Prior to commencing the deposition, any deponent or counsel may request from the court reporting service access to RealTime transcription for their use during the deposition at their own expense.

16. The presumption is that the noticing Party is permitted to set the start time of the deposition; however, the Parties shall meet and confer (or otherwise agree) regarding the timing for all remote depositions when the participants are located in different time zones.

17. For remote depositions, the Party producing the witness, or counsel for a third-party witness, will also make best efforts to ensure, in advance of the deposition, that the witness has access to high speed internet, a working computer or similar device that meets the minimum requirements of the remote deposition platform, a webcam, microphone, speakers, and a phone connection.

18. Prior to commencing the deposition, any Party or deponent may request for the court reporting service to arrange for virtual break-out rooms. Only those individuals listed for a

particular virtual break-out room will be permitted into the virtual break-out room, with the exception of the court reporting service's technical personnel, as necessary.

19. For remote depositions, the noticing Party will make all necessary scheduling and logistical arrangements with the court reporter, videographer, and court reporting service, and ensure that all participants to the deposition receive the link to join the deposition and dial-in information for the audio feed. The Parties will provide, no later than two business days before the deposition, the names and email addresses of all individuals who will participate on their behalf by video and phone, and the participants who will only join by phone (if any). The defending attorney will also provide the city and state where the deponent will sit for their deposition.

20. Unless otherwise set forth herein, remote depositions, as well as in person depositions, will be conducted in accordance with the Federal Rules of Civil Procedure. This agreement is not intended to act as a waiver of any Party's rights, protections, or applicable procedures under the Federal Rules of Civil Procedure or any order entered in this Action. This agreement does not limit the Parties' rights to seek relief from the Court if, at any time, they (or either one of them) determine that remote depositions are or become impractical or prejudicial.

IT IS SO STIPULATED.

Dated: September 17, 2021

| | |
|---|---|
| **BARRACK, RODOS & BACINE** | **MORGAN, LEWIS & BOCKIUS LLP** |
| | |
| */s/ Jeffrey W. Golan* | */s/ Robert Ritchie* |
| Jeffrey W. Golan | Marc J. Sonnenfeld |
| Robert A. Hoffman | Karen Pieslak Pohlman |
| Jeffrey A. Barrack | Laura H. McNally |
| Chad A. Carder | Amanda F. Lashner |
| Meghan J. Talbot | 1701 Market Street |
| 3300 Two Commerce Square | Philadelphia, PA 19103-2921 |
| 2001 Market Street | Tel: (215) 963-5000 |
| Philadelphia, PA 19103 | Fax: (215) 963-5001 |
| Tel: (215) 963-0600 | marc.sonnenfeld@morganlewis.com |
| Fax: (215) 963-0838 | karen.pohlmann@morganlewis.com |
| jgolan@barrack.com | laura.mcnally@morganlewis.com |
| rhoffman@barrack.com | amandalashner@morganlewis.com |
| jbarrack@barrack.com | |
| | **VINSON & ELKINS LLP** |
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | Michael C. Holmes* |
| | Craig E. Zieminski* |
| John C. Browne* | Robert Ritchie * |
| Adam H. Wierzbowski* | 2001 Ross Ave., Suite 3900 |
| Michael M. Mathai* | Dallas, TX 75201 |
| James M. Fee* | Tel: (214) 220-7700 |
| 1251 Avenue of the Americas | Fax: (214) 999-7814 |
| New York, NY 10020 | mholmes@velaw.com |
| Tel: (212) 554-1400 | czieminski@velaw.com |
| Fax: (212) 554-1444 | rritchie@velaw.com |
| johnb@blbglaw.com | |
| adam@blbglaw.com | *Counsel for Defendants* |
| michael.mathai@blbglaw.com | *Admitted Pro Hac Vice |
| james.fee@blbglaw.com.com | |
| | |
| *Counsel for Lead Plaintiffs* | |
| *Admitted Pro Hac Vice | |

SO ORDERED: /s/ Gerald Austin McHugh
United States District Judge

9/20/21

8