IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>       Defendants. | Case No. 2:20-cv-00200-GAM |

**STIPULATION AND ORDER REGARDING
EXTENSION OF FACT AND EXPERT DISCOVERY DEADLINES**

  IT IS HEREBY AGREED, by and between the parties (each, a "Party," and together, the "Parties") to the above-captioned action (the "Action"), that the following provisions of this stipulation ("Stipulation") shall govern the schedule related to fact discovery and discovery for experts on non-class certification issues.  The Stipulation is based on the following and subject to the conditions set forth below:

  WHEREAS, pursuant to the Court's July 8, 2021 Case Management Order (the "Case Management Order"), the Parties agreed to a schedule for concluding fact discovery;

  WHEREAS, this Court's Guidelines for Counsel provides a procedure for the Parties to follow when seeking to extend a specific deadline;

WHEREAS, Lead Plaintiffs requested a Status Conference with the Court by letter of October 27, 2022, to which Defendants responded by letter of October 31, 2022, after which the Court held a conference call with the Parties on November 9, 2022;

WHEREAS, the Parties have been engaged in ongoing discussions regarding fact and expert discovery in this action and agree that allocating additional time for deposition fact and expert discovery in this action is necessary;

WHEREAS, the Parties have discussed and have reached an agreement regarding an extension of the deadlines in the Case Management Order related to fact and expert discovery, as set forth below; and

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel and subject to approval of the Court, that:

1. The deadline for the completion of all non-deposition fact discovery shall remain **December 16, 2022,** provided, however, that after such date the Parties: (a) may make narrowly targeted document requests the need for which were not reasonably anticipated prior to the date of this Stipulation because they first arose either (i) from testimony given in a deposition taken after the date of this Stipulation or (ii) from documents produced after the date of this Stipulation, provided, however, that the Parties reserve all objections to such additional document requests, including without limitation on the grounds that the requests seek documents that are not relevant to any party's claim or defense or proportional to the needs of the case, or that the need for the requests could have been reasonably anticipated earlier through the exercise of reasonable diligence; (b) shall comply with the Court's order granting in part and denying in part Lead Plaintiffs' pending Motion to Compel Defendants' Production of Documents and Communications Concerning Related Investigations and Litigations (ECF No. 125); and (c) may receive

documents arising from subpoenas served on non-parties prior to December 16, 2022, but not yet produced. Moreover, Defendants shall produce any documents that may be agreed upon or required to be produced following any meet-and-confers among counsel for the Parties or third parties regarding a challenge to claims of privilege asserted by Defendants prior to the date of this Stipulation and/or after the Court rules on any motions to challenge claims of privilege (provided that any such motions shall be filed no later than February 10, 2023). Nothing in this paragraph prevents a Party from seeking additional discovery upon good cause shown, either by agreement of the Parties or upon application to the Court.

2. The deadline for the completion of non-expert depositions shall be **May 31, 2023**;

3. The Parties agree that Lead Plaintiffs may take up to 25 total non-expert witness depositions (inclusive of the three non-expert depositions Lead Plaintiffs have already taken, and of which only 21 may be current or former employees of Defendants) and Defendants may take up to 15 total non-expert witness depositions (inclusive of the five non-expert depositions Defendants have already taken), without further need to meet and confer. The Parties reserve the right to extend these numbers by agreement upon a showing of good cause. If the Parties cannot reach agreement, but any Party believes it has good cause and sufficient need to do so consistent with the Federal Rules of Civil Procedure, that Party may seek leave of the Court to further extend the number of depositions it may take without regard for whether any witness for which leave to take a deposition may be sought is or was an employee of any Party. The Parties reserve the right to move to quash or otherwise oppose any proposed deposition for any reason, including but not limited to that it is unreasonably cumulative or duplicative, or otherwise not proportionate to the needs of the case;

4. The deadline for Parties to identify the subject areas of expert testimony they intend to proffer with respect to non-class certification issues for which they bear the burden of proof shall be **May 31, 2023**;[1]

5. The deadline for Parties to serve expert reports and all other expert disclosures required pursuant to FED. R. CIV. P. 26 with respect to non-class certification issues for which they bear the burden of proof shall be **June 30, 2023**;

6. The deadline for Parties to serve expert reports and all other expert disclosures required pursuant to FED R. CIV. P. 26 with respect to non-class certification issues for which they do not bear the burden of proof shall be **August 31, 2023**; and

7. The deadline for taking expert depositions on non-class certification issues shall begin on **September 11, 2023** and end on **October 13, 2023**.

8. Other than as agreed herein, the deadlines and other provisions of the Case Management Order shall remain in effect except as modified by the Court or agreement of the Parties in accordance with the terms of the Case Management Order.

IT IS SO STIPULATED.

SO ORDERED this 7th day of December 2022.

                                              /s/ Gerald Austin McHugh
                                              United States District Judge

Dated: December 6, 2022

---

[1] For avoidance of doubt, expert reports and/or testimony disclosed during prior class certification proceedings by any Party shall be deemed timely disclosed in accordance with this (or any subsequent) schedule and need not be re-disclosed on the dates specified herein in order to be used at trial.

| | |
|---|---|
| **BARRACK, RODOS & BACINE** | **MORGAN, LEWIS & BOCKIUS LLP** |
| /s/ *Jeffrey W. Golan* | /s/ *Laura H. McNally* |
| Jeffrey W. Golan | Marc J. Sonnenfeld |
| Robert A. Hoffman | Karen Pieslak Pohlman |
| Jeffrey A. Barrack | Laura H. McNally |
| Chad A. Carder | Amanda F. Lashner |
| 3300 Two Commerce Square | 1701 Market Street |
| 2001 Market Street | Philadelphia, PA 19103-2921 |
| Philadelphia, PA 19103 | Tel: (215) 963-5000 |
| Tel: (215) 963-0600 | Fax: (215) 963-5001 |
| Fax: (215) 963-0838 | marc.sonnenfeld@morganlewis.com |
| jgolan@barrack.com | karen.pohlmann@morganlewis.com |
| rhoffman@barrack.com | laura.mcnally@morganlewis.com |
| jbarrack@barrack.com | amandalashner@morganlewis.com |
| | |
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| John C. Browne* | Trey Cox* |
| Adam H. Wierzbowski* | 2001 Ross Avenue |
| Michael M. Mathai* | Suite 2100 |
| 1251 Avenue of the Americas | Dallas, TX 75201 |
| New York, NY 10020 | Tel: (214) 698-3100 |
| Tel: (212) 554-1400 | Fax: (214) 571-2900 |
| Fax: (212) 554-1444 | tcox@gibsondunn.com |
| johnb@blbglaw.com | |
| adam@blbglaw.com | Brian M. Lutz* |
| michael.mathai@blbglaw.com | Colin B. Davis* |
| | 555 Mission Street |
| *Counsel for Lead Plaintiffs* | Suite 3000 |
| | San Francisco, CA 94105 |
| *Admitted Pro Hac Vice | Tel: (415) 393-8200 |
| | Fax: (415) 393-8306 |
| | blutz@gibsondunn.com |
| | cdavis@gibsondunn.com |
| | |
| | *Counsel for Defendants* |