IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM et al., | : : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : : | No. 20-200 |
| ENERGY TRANSFER LP et al., | : | |
| Defendants. | : | |

## ORDER

This 19th day of January, 2023, it is hereby **ORDERED** that Defendants' Motion to Enforce December 7, 2022 Stipulation and Order Regarding Extension of Fact and Expert Discovery Deadlines and to Quash Lead Plaintiffs' Untimely Subpoenas to Produce Documents Directed to Non-Parties, ECF 141, is **DENIED**.

"The conduct of discovery is a matter for the discretion of the district court." *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Plaintiffs made reasonable efforts to serve the subpoenas at issue by the December 16 deadline set in the prior stipulation; Plaintiffs provided the Defendants with notice of the subpoenas by the deadline, requested that same-day service be accomplished by their process server on December 16, and the process server ultimately succeeded in serving all the subpoenas within two business days of the deadline. *See* Pls.' Ex. A, ECF 142-1; Pls.' Ex. B, 142-2. Any violation of the deadline was unintentional and *de minimis*, and insufficient to justify quashing the subpoenas.

As to the validity of the subpoenas, which are returnable in New York, courts have generally concluded that the 100-mile rule of Federal Rule of Civil Procedure 45(c)(2)(A) is inapplicable where "the subpoenaed person is not instructed to also appear at the production location along with the requested documents." *See CresCom Bank v. Terry*, 269 F. Supp. 3d 708,

713 (D.S.C. 2017) (compiling cases and noting that production of documents is now typically "accomplished electronically or by mail."); *accord Aetna Inc. v. Mednax, Inc.,* No. 18-CV-02217-WB, 2019 WL 6250850, at *3 (E.D. Pa. Nov. 22, 2019) (Lloret, J.).  Here, compliance with the subpoenas simply requires producing documents and electronically stored information,  Defs.' Ex. A, ECF 141-2,[1] and as such there is no violation of the protections established by the 100-mile limitation.

  /s/ Gerald Austin McHugh
United States District Judge

---

[1] Indeed, Plaintiffs' alternative compliance locations, if the Court were not satisfied with New York, are all FedEx shipping centers.  *See* Pls.' Ex. D, ECF 142-4.