**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY, <br><br> Defendants. | Case No. 2:20-cv-00200-GAM |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL
LEAD PLAINTIFFS' PRODUCTION OF TEXT MESSAGE COMMUNICATIONS**

Lead Plaintiffs' Opposition offers no facts or authority to change the conclusion that Defendants are entitled to the text message communications they seek.  Plaintiffs' Opposition merely obfuscates legitimate discovery efforts in the hopes of overcomplicating simple facts: the discovery sought is relevant, proportional to the needs of the case and imposes no undue burden. Plaintiffs should thus be compelled to—at the very least—search for the text message communications Defendants have sought for nearly two years and, if applicable, produce the same.

## I.     ARGUMENT

### A.     Lead Plaintiffs Repeatedly Refuse to Address Relevant Text Message Discovery

Lead Plaintiffs continue to refuse to even perform a good faith search for responsive text messages or respond to Defendants' inquiries, preventing Defendants from knowing how many responsive messages exist.  In Defendants' attempts to confer with Lead Plaintiffs' counsel on this very issue and avoid the need for this Motion, counsel did not aver that no relevant text message communications exist.   Instead, Lead Plaintiffs' counsel stonewalled Defendants' conferral attempts, standing on the misguided proposition that "at no point . . . did Defendants request that Lead Plaintiffs search for text messages or inquire into Lead Plaintiffs' data sources."  Motion, Exhibit 1-D at 1.  That is false.  As set forth in Defendants' Motion, Defendants sought responsive electronically stored information from Lead Plaintiffs as early as July 2021.  Motion, Exhibit 1-A at 4.   Seven months later, Defendants specifically asked Lead Plaintiffs' counsel to confirm whether they had reviewed any text messages from the ESI Custodians and the scope of that review, if any, or otherwise to explain why no text messages were produced.  Motion, Exhibit 1-C at 4.  As has since become a trend, Lead Plaintiffs failed to address Defendants' concerns and similarly failed to produce any text messages.

Recent testimony from Lead Plaintiffs' investment managers has only further highlighted

the inappropriate nature of that failure. As argued more fully in Defendants' Motion, Lead Plaintiffs' investment managers—the entities that invested in Energy Transfer securities on Lead Plaintiffs' behalf—offered testimony that undermines critical elements of Lead Plaintiffs' claims. *See* Motion at 4–5. Specifically, the testimony establishes that those investment managers did not rely on the statements or omissions that Lead Plaintiffs claim were false and misleading and for which Defendants are allegedly responsible. *See id.* That evidence goes to the heart of the claims and defenses asserted in this lawsuit. It is thus essential that Defendants have discovery about what Lead Plaintiffs knew or should have known about what their investment managers relied upon or believed about the truth of the challenged statements. At the very least, it is essential that Lead Plaintiffs perform a good faith search for those text messages and confirm that none exist.

**B.     Granting Defendants' Motion Is Proper**

As made clear in the Motion, and as repeated above, Defendants have sought Lead Plaintiffs' text messages for nearly two years. This is not "tit-for-tat" discovery. This is Defendants' proper attempt to acquire the discovery they previously and repeatedly requested after multiple dodges and obfuscations on the part of Lead Plaintiffs or, at the very least, to get confirmation that no such text messages exist. Lead Plaintiffs cannot ignore Defendants' repeated requests for responsive text messages and simply allege that discovery is retaliatory. Defendants are entitled to this discovery, it is proportional to the needs of this case (a fact not challenged by Lead Plaintiffs) and would impose no undue burden.

**II.     CONCLUSION**

For all the reasons stated above and in the Motion, Defendants respectfully request that the Motion be granted.

Dated: July 14, 2023                                    Respectfully submitted,

                                                        GIBSON, DUNN & CRUTCHER LLP


                                            By: *Trey Cox*
                                                Trey Cox*
                                                2001 Ross Avenue
                                                Suite 2100
                                                Dallas, TX 75201
                                                Tel: (214) 698-3100
                                                Fax: (214) 571-2900
                                                tcox@gibsondunn.com

                                                Brian M. Lutz*
                                                Colin B. Davis*
                                                555 Mission Street
                                                Suite 3000
                                                San Francisco, CA 94105
                                                Tel: (415) 393-8200
                                                Fax: (415) 393-8306
                                                blutz@gibsondunn.com
                                                cdavis@gibsondunn.com

                                                *Admitted Pro Hac Vice*

                                                MORGAN, LEWIS & BOCKIUS LLP

                                                Laura H. McNally
                                                Karen Pieslak Pohlman
                                                Amanda F. Lashner
                                                1701 Market Street
                                                Philadelphia, PA 19103
                                                Tel: (215) 693-5000
                                                Fax: (215) 963-5001
                                                laura.mcnally@morganlewis.com
                                                karen.pohlmann@morganlewis.com
                                                amandalashner@morganlewis.com

                                                *Counsel for Defendants*

3

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this the 14th of July 2023, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

*/s/ Trey Cox*
Trey Cox
