**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 2:20-cv-00200-GAM |

**<u>LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
UNOPPOSED MOTION FOR APPROVAL OF CLASS NOTICE</u>**

# TABLE OF CONTENTS

                                                                                         **Page**

I.     BACKGROUND ................................................................................................. 1

II.    ARGUMENT ...................................................................................................... 3

   A.   The Form and Content of the Proposed Notices Satisfy Rule 23 and Should
        Be Approved .................................................................................................. 3

   B.   The Proposed Method of Class Notice Dissemination Satisfies Rule 23 and Should Be
        Approved....................................................................................................... 4

   C.   The Court Should Approve the Selection of Administrator ................................. 7

III.   CONCLUSION.................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Ocean Power Techs., Inc. Sec. Litig.*,
    2016 WL 6778218 (D.N.J. Nov. 15, 2016) ..........................................................................3

*In re Wilmington Tr. Sec. Litig.*,
    2018 WL 6046452 (D. Del. Nov. 19, 2018) ........................................................................6

*Krimes v. JPMorgan Chase Bank, N.A.*,
    2017 U.S. Dist. LEXIS 79434 (E.D. Pa. May 24, 2017) ....................................................6

*Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.*,
    2023 WL 1454371 (M.D. Pa. Feb. 1, 2023) ......................................................................6

RULES

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

Fed. R. Civ. P. 23(a) ..............................................................................................................1

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................................ *passim*

Fed. R. Civ. P. 23(f) ..............................................................................................................1

Lead Plaintiffs and Court-appointed Class Representatives the Allegheny County Employees' Retirement System, the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, the Denver Employees Retirement Plan, the IAM National Pension Fund, and the Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class in the above-captioned action ("Action"), respectfully submit this Memorandum of Law in support of their Unopposed Motion for Approval of Class Notice ("Motion"), and request that the Court enter the [Proposed] Order Approving Dissemination of Class Notice ("Class Notice Order"), submitted herewith.

## I.     BACKGROUND

By its Memorandum Opinion (ECF No. 113) and Order (ECF No. 114), both entered on August 23, 2022, the Court certified this Action to proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

> [A]ll persons who purchased or otherwise acquired common units of Energy Transfer LP between February 25, 2017, and November 11, 2019, inclusive (the "Class Period"). Excluded from the Class are (i) Energy Transfer; (ii) any directors and officers of Energy Transfer during the Class Period and members of the immediate families; (iii) the subsidiaries, parents and affiliates of Energy Transfer; (iv) any firm, trust, corporation or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors and assign of any such excluded party.

ECF No. 114, at 1.[1]  On September 6, 2022, Defendants filed a petition for permission to appeal the Order certifying class pursuant to Rule 23(f) with the United States District Court of Appeals for the Third Circuit ("Third Circuit").  *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, C.A. No. 22-8045 (3d Cir.).  The Third Circuit denied the petition on October 24, 2022.

---

[1] Before October 19, 2018, Energy Transfer LP ("Energy Transfer") was known as Energy Transfer Equity, L.P. and its common unit ticker symbol was ETE.  On October 19, 2018, Energy Transfer Equity, L.P. changed its name to Energy Transfer LP and changed its common unit ticker symbol to ET.

Lead Plaintiffs have circulated drafts of the proposed notices and the proposed Class Notice Order to counsel for Defendants and provided them with the opportunity to provide comments. Defendants provided comments on the drafts and do not object to the proposed Notice of Pendency of Class Action ("Notice"), the proposed Summary Notice of Pendency of Class Action ("Summary Notice" and, together with the Notice, the "Notices"), or the proposed plan for disseminating the Notices to the Class as set forth in the proposed Class Notice Order.[2]

By the current motion, Lead Plaintiffs seek approval of the form and content of the Notices. As detailed below, the Notices readily satisfy the requirements of Rule 23(c)(2)(B) by providing in clear, concise, and plain language information concerning, among other things, the pendency of the Action, the definition of the Court-certified Class, the binding effect of a judgment in the Action, and how to request exclusion from the Class.

Additionally, Lead Plaintiffs request the Court's permission to notify the Class through the following means:  (i) mailing the Notice by first-class mail to the persons and entities identified in the records to be provided by Defendants or any potential Class Member who may otherwise be identified with reasonable effort, including the beneficial owners of Energy Transfer common units who will be identified by brokers and nominees;[3] (ii) posting of the Notice on a website developed for the Action and maintained by the Administrator and on Class Counsel's websites; and (iii) publication of the Summary Notice in *The Wall Street Journal* and over *PR Newswire*.  As discussed below, courts regularly approve notice disseminated through such means as satisfying

---

[2]  The proposed Notice and Summary Notice are attached as Exhibits 1 and 2 to the proposed Class Notice Order.

[3]  To the extent email addresses for potential Class Members are provided, the Notice Administrator shall also transmit the Notice via the email addresses.

Rule 23's requirements for notifying potential Class Members of the pendency of a class action in comparable cases.

Finally, Lead Plaintiffs request that the Court approve Class Counsel's retention of JND Legal Administration ("JND"), a respected and experienced class action notice and claims administrator, as the "Notice Administrator" to supervise and disseminate notice to the Class in this Action pursuant to the plan described.

## II.    ARGUMENT

### A.    The Form and Content of the Proposed Notices Satisfy Rule 23 and Should Be Approved

Rule 23 requires that class notice state: (i) the nature of the action; (ii) the definition of the certified class; (iii) the class's claims, issues, or defenses; (iv) a class member's right to enter an appearance by an attorney; (v) a class member's right to be excluded from the class and the time and manner for requesting exclusion; and (vi) the binding effect of a settlement or judgment on class members. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also e.g.*, *In re Ocean Power Techs., Inc. Sec. Litig.*, 2016 WL 6778218, at *9 (D.N.J. Nov. 15, 2016). The Notice to be mailed to members of the Class provides these required pieces of information, and does so in a clear, concise, and plain manner.

In addition to the mailed Notice, Lead Plaintiffs will cause the Summary Notice to be published in *The Wall Street Journal* as well as transmitted over *PR Newswire*. The Summary Notice provides potential Class Members with a summary of the items covered by the full Notice, including, among other things, the pendency of the Action, the definition of the Court-certified Class, the binding effect of a judgment on Class Members, and how to request exclusion from the Class. The Notices also provide contact information for Class Counsel and the Administrator in order for Class members to obtain more information about the case, and the Notices provide the

address for the website that will be maintained and updated by the Administrator for the Action,

www.EnergyTransferSecuritiesLitigation.com.

Because the Notice and Summary Notice meet all the requirements of Rule 23 and due

process, Lead Plaintiffs respectfully request that the Court approve the form and content of the

proposed Notices.

**B.    The Proposed Method of Class Notice Dissemination Satisfies Rule 23 and Should Be Approved**

Under Rule 23(c)(2)(B), for a class certified under Rule 23(b)(3), the court "must direct to

class members the best notice that is practicable under the circumstances, including individual

notice to all members who can be identified through reasonable effort."   Fed. R. Civ. P.

23(c)(2)(B).

Here, Lead Plaintiffs' proposed method of providing notice to the Class in the Action will

include direct mailing of the Notice by first-class mail to all potential Class Members who can be

identified through reasonable effort.  First, JND will mail the Notice to potential Class Members

identified by Energy Transfer, which will include the names and addresses of all common unit

holders of record for Energy Transfer LP, Energy Transfer Equity, L.P. ("ETE"), or Energy

Transfer Partners, LP ("ETP"), during the period from February 25, 2017 through November 11,

2019, inclusive (the "Class Period").  In an effort to reach as many potential class members as

possible, Energy Transfer has agreed to provide this information for common unit holders of

Energy Transfer LP, ETE, and ETP during the Class Period.  However, Defendants have informed

Lead Plaintiffs that they do not agree that any person who purchased or otherwise acquired all

three groups of units during the Class Period are a part of the certified Class, nor do they agree that

any or all of the three groups can claim to have been damaged by the alleged fraud, and that

Defendants expressly reserve all rights to challenge the inclusion of any unit holder that purchased

or otherwise acquired units of entities other than Energy Transfer and to challenge all claims of damages by any unit holder of any Energy Transfer related entity.

In addition to the names and addresses contained in the records to be provided by Energy Transfer, Class Members, in large part, will be identified through broker or other nominee purchasers. Brokers and nominee purchasers who purchased or otherwise acquired common units of Energy Transfer, ETE, or ETP during the Class Period for the beneficial interest of persons or entities other than themselves will be required to either (i) within seven (7) calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names, mailing addresses, and, if available, e-mail addresses of all such beneficial owners to the Notice Administrator, and the Notice Administrator will then send the Notice promptly to such identified beneficial owners. *See* Proposed Class Notice Order ¶ 5.

Pursuant to the proposed Class Notice Order, the mailing of the Notice to potential Class Members identified by Energy Transfer and to nominees will commence no later than fifteen (15) business days after the Court's entry of the Class Notice Order ("Notice Date"). *See id.* ¶ 4.

Lead Plaintiffs propose supplementing the direct mailing of the Notice with the publication of the Summary Notice in *The Wall Street Journal* and the transmission of the Summary Notice over *PR Newswire* not later than ten (10) business days after the Notice Date. *See id.* ¶ 7. In addition, the Notice Administrator will cause a copy of the Notice, along with other information and documents regarding the Action, to be posted on the website created for the Action and maintained by the Administrator, www.EnergyTransferSecuritiesLitigation.com, and Class

Counsel will also cause copies of the Notice to be posted on their own websites, www.blbglaw.com and www.barrack.com. *Id.* ¶ 6.[4]

The proposed notice program, which combines individual notice to all Class Members who can be identified through reasonable effort, as well as publication of the Summary Notice in a financial publication and over the Internet, is the standard method used in securities class actions, constitutes the "best notice that is practicable under the circumstances," and satisfies the requirements of Rule 23(c)(2)(B) and due process. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also e.g., Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.,* 2023 WL 1454371, at *13 (M.D. Pa. Feb. 1, 2023) (approving similar method of notice and noting that "[t]he Court is satisfied that the proposed method of notice, including both individual notice and general publication, complies with the requirements of Rule 23 and the standards of due process"); *In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *4 (D. Del. Nov. 19, 2018) (finding that similar notice plan that employed direct mail to investor, publication in certain periodicals, and a case-specific website "met the requirements of Rule 23(c)(2)(B)" and due process); *Krimes v. JPMorgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 79434, at *18-*19 (E.D. Pa. May 24, 2017) (approving similar notice procedures involving direct notice via United States First-Class Mail, publication notice, and website postings).

In addition, Lead Plaintiffs propose that requests for exclusion from the Class shall be made through the submission of a written request sent to JND and postmarked no later than 60 calendar days after the Notice Date (the date mailing commences). *See* Proposed Class Notice Order ¶ 8. No later than 15 business days following the deadline for requesting exclusion, JND shall file a

---

[4] The Administrator will also maintain a toll-free helpline for potential Class Members to call to obtain additional information regarding the Action.

declaration with the Court describing its notification efforts and providing a list of all persons and entities that submitted requests for exclusion. *Id*. ¶ 10. The costs of the notice process shall be borne by Lead Plaintiffs, and not by Defendants. *Id*. ¶ 11.

### C. The Court Should Approve the Selection of Administrator

Lead Plaintiffs also request that the Court approve the selection of JND to serve as Notice Administrator to assist in disseminating the Notices and processing requests for exclusion from the Class received by potential Class Members. JND is a highly experienced notice administrator that has facilitated notice administration for numerous comparable securities class actions, in this District and elsewhere, including *Strougo v. Lannett Company, Inc*, No. 2:18-cv-03635-MAK (E.D. Pa. 2020); *SEB Investment Management AB v. Endo International plc*, No. 2:17-CV-3711-TJS (E.D. Pa. 2019); and *In re Cognizant Technology Solutions Corp. Securities Litigation*, No. 2:16-cv-06509 (ES) (CLW) (D.N.J. 2021). A copy of JND's firm resume is attached as Exhibit 1 to the concurrently-filed Declaration of Adam H. Wierzbowski.

## III. CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their unopposed motion for approval of class notice and enter the proposed Class Notice Order submitted herewith.

Dated: February 9, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

*/s/ Adam H. Wierzbowski*

Adam H. Wierzbowski (admitted *pro hac vice*)
Michael M. Mathai (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
adam@blbglaw.com
michael.mathai@blbglaw.com

**BARRACK, RODOS & RACINE**
Jeffrey W. Golan
Robert A. Hoffman
Chad A. Carder
Danielle Weiss
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
jgolan@barrack.com
rhoffman@barrack.com
ccarder@barrack.com
dweiss@barrack.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*