# Exhibit 1

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

ALLEGHENY COUNTY EMPLOYEES'
RETIREMENT SYSTEM, EMPLOYEES'
RETIREMENT SYSTEM OF THE CITY OF
BATON ROUGE AND PARISH OF EAST
BATON ROUGE, DENVER EMPLOYEES
RETIREMENT PLAN, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS NATIONAL
PENSION FUND, and IOWA PUBLIC
EMPLOYEES' RETIREMENT SYSTEM,
Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,

v.

ENERGY TRANSFER LP, KELCY L.
WARREN, THOMAS E. LONG,
MARSHALL MCCREA, and MATTHEW S.
RAMSEY,

                Defendants.

Case No. 2:20-cv-00200-GAM

---

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of June 12, 2025 (the "Stipulation")

is entered into between (a) Lead Plaintiffs Allegheny County Employees' Retirement System,

Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge,

Denver Employees Retirement Plan, International Association of Machinists and Aerospace

Workers National Pension Fund, and Iowa Public Employees' Retirement System ("Lead

Plaintiffs"), on behalf of themselves and the Class (defined below); and (b) Defendant Energy

Transfer LP ("Energy Transfer"), and Defendants Kelcy L. Warren, Thomas E. Long, Marshall

McCrea, and Matthew S. Ramsey (collectively, the "Individual Defendants," and together with Energy Transfer, "Defendants," and, together with Lead Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against Defendants and any and all other Defendants' Releasees.[1]

WHEREAS:

A.    On November 20, 2019, and January 10, 2020, investors filed two federal securities class actions in two U.S. District Courts alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Following dismissal of one of those actions, the Court issued an Order on February 19, 2020, pursuant to the Private Securities Litigation Reform Act of 1995, appointing the Lead Plaintiffs, ECF 16 & 17.  In the same Order, the Court approved Lead Plaintiffs' selection of Barrack, Rodos & Bacine and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class.  *Id.*

B.    Lead Plaintiffs filed the Operative Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") on June 15, 2020.  ECF 43.  The Complaint alleged that during the period from February 25, 2017, through and including December 3, 2019, Defendants made materially false or misleading representations and omissions regarding Energy Transfer's construction of a 350-mile set of pipeline projects across the Commonwealth of Pennsylvania, consisting of the Mariner East 2 ("ME2"), Mariner East 2X ("ME2X," and together with ME2, the

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

"Mariner East 2 Pipelines"), and Revolution pipelines. *Id.* The alleged false and misleading statements and omissions concerned: (i) the Mariner East 2 Pipelines' and Revolution's completion status and timelines, and the ME2's capacity; (ii) Energy Transfer's commitment to safety and regulatory compliance; and (iii) Energy Transfer's compliance with criminal statutes and its Code of Business Conduct and Ethics. *Id.* The Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase Energy Transfer common units at artificially inflated prices and to suffer damages when the truth was revealed. *Id.*

C.    On April 6, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the Action. ECF 64 & 65. Defendants filed an answer to the Complaint on June 11, 2021. ECF 69.

D.    On September 17, 2021, Lead Plaintiffs filed a motion for class certification through which they sought to certify a class of all investors who purchased or otherwise acquired Energy Transfer common units from February 25, 2017, through and including December 3, 2019, and who were damaged as a result of Defendants' alleged violations of the federal securities laws. ECF 79. On August 23, 2022, the Court issued an Opinion and Order granting in part and denying in part Lead Plaintiffs' motion for class certification (the "Class Certification Order"). ECF 113 & 114. On October 24, 2022, the U.S. Court of Appeals for the Third Circuit denied Defendants' petition for leave to appeal the Class Certification Order. ECF 122.

E.    The Class Certification Order certified the Class as defined in ¶ 1(h) below, appointed Lead Plaintiffs as Class Representatives, and appointed Lead Counsel as class counsel in the Action. ECF 114. On February 9, 2024, Lead Plaintiffs filed an unopposed motion for Court approval of the Parties' agreed form and manner of providing notice to the Class. ECF 186. On April 26, 2024, the Court entered an Order granting Lead Plaintiffs' unopposed motion to

approve the proposed form, content, and method for dissemination of the Notice of Pendency of Class Action and the Summary Notice of Pendency of Class Action (the "Class Notice," as set forth in Appendix A).  ECF 206 (the "Class Notice Order").

F.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  *Id.*  The Class Notice informed Class Members that they may not have the further opportunity to exclude themselves from the Class at the time of any settlement or judgment.  *Id.*  The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."  *Id.*

G.      The deadline for requesting exclusion from the Class pursuant to the Class Notice was July 16, 2024.  *Id.*  Attached hereto as Appendix B is a list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice.

H.      Discovery in the Action commenced in June 2021 and concluded in December 2023.  Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced more than 1.5 million pages of documents to Lead Plaintiffs.  Lead Plaintiffs also produced more than 52,000 pages of documents to Defendants.  Lead Plaintiffs also served subpoenas on and negotiated document discovery with 19 third parties, including Tetra Tech, Inc., Groundwater & Environmental Services, Inc., and Oz Directional Drilling Company, while Defendants served subpoenas on and negotiated discovery with 12 third parties, including Lead Plaintiffs' investment managers as well as Morgan Stanley and UBS.  In addition, the Parties conducted depositions of 31 fact witnesses, including the Individual Defendants and other senior Energy Transfer executives, and nine expert witnesses.  The Parties also served and responded to

interrogatories and requests for admission, exchanged numerous letters concerning disputes between the Parties and with nonparties on discovery issues, and litigated multiple motions to compel the production of responsive documents.

I.      By the close of discovery, the Court had dismissed or Lead Plaintiffs had decided not to pursue all statements except certain statements concerning (i) ME2's in-service timing and capacity; and (ii) Energy Transfer's commitment to safety and regulatory compliance.

J.      On January 19, 2024, Defendants moved for summary judgment and Lead Plaintiffs moved for partial summary judgment. ECF 178 & 181. The briefing on both motions was completed on March 29, 2024. ECF 200 & 201. On August 8, 2024, the Court issued a decision granting the motions in part and denying them in part. ECF 215–17. The Court found that there were disputes of material fact as to whether Defendants' statements regarding the in-service date for ME2, as well as its capacity, were false or misleading, made with scienter, and caused Lead Plaintiffs and the Class to suffer damages. ECF 215. The Court also found as a matter of law that certain statements Energy Transfer made from February to June 2018 concerning ME2's initial capacity were false or misleading, that the statements were attributable to Individual Defendants Long, McCrea, and Ramsey, and that those Individual Defendants knew "the falsity or misleadingness of the initial capacity by February 2018." *Id.* The Court also found that Lead Plaintiffs could not show any losses caused by Defendants' statements concerning Energy Transfer's commitment to safety and regulatory compliance, and on that basis granted summary judgment for Defendants on all corrective disclosures except the August 2018 alleged corrective disclosure and all statements except those concerning ME2's in-service timing and capacity made on or before August 9, 2018. *Id.*

K. On February 14, 2025, the Court entered an order scheduling the trial of Lead Plaintiffs' remaining claims to begin on May 28, 2025 and also setting the schedule for the remaining pre-trial submissions. ECF 223. Pursuant to the Court-ordered schedule, on March 6, 2025, the Parties exchanged their exhibit lists, the names of witnesses they planned to call at trial, and deposition designations. On March 27, 2025, pursuant to the Court-ordered schedule, Lead Plaintiffs filed three *Daubert* motions and four motions *in limine*, and Defendants filed two *Daubert* motions and six motions *in limine*. On April 10, 2025, pursuant to the Court-ordered schedule, Lead Plaintiffs provided Defendants with their proposed jury instructions and verdict form.

L. On March 25, 2025, Lead Plaintiffs filed a motion to bifurcate the upcoming trial, which would lead to resolving Class-wide issues in the first phase of trial before turning to any Lead Plaintiffs-specific issues in a second phase. ECF 228. On March 27, 2025, Defendants filed a motion to empanel 12 jurors in the upcoming trial. ECF 255. The Parties filed their oppositions to those respective motions on April 16, 2025. ECF 269 & 270.

M. On April 23, 2025, following an earlier mediation with Robert A. Meyer of JAMS, the Parties reached an agreement in principle to settle and release all claims asserted in the Action against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $15,000,000, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

N. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O. Based upon Lead Plaintiffs' and Lead Counsel's investigation and prosecution of the case, they have concluded that the terms and conditions of this Stipulation are fair, reasonable,

and adequate to Lead Plaintiffs and the other Class Members, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation, trial, and appeal.

P.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other Class Members) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the

Parties and the Class from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the securities class action styled *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM, in the U.S. District Court for the Eastern District of Pennsylvania.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)    "Class" means the class certified by the Court's Order dated August 23, 2022.  ECF 114.  Specifically, the Class consists of all persons who purchased or otherwise acquired common units of Energy Transfer between February 25, 2017, and November 11, 2019, inclusive (the "Class Period").  Excluded from the Class are: (i) Energy Transfer; (ii) any directors and officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are (i) all persons and entities who submitted a request for exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix B; or (ii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class, any persons or entities who exclude themselves by submitting a timely and valid request for exclusion in connection with the Settlement.

(i)    "Class Member" means each person or entity who or which falls within the definition of the Class.

(j)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)    "Class Period" means the period between February 25, 2017, and November 11, 2019, inclusive.

(l)    "Complaint" means the Operative Class Action Complaint for Violation of the Federal Securities Laws dated June 15, 2020.  ECF 43.

(m)    "Court" means the U.S. District Court for the Eastern District of Pennsylvania.

(n)    "Defendants" means Energy Transfer and the Individual Defendants.

(o)    "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP and Morgan, Lewis & Bockius LLP.

(p)    "Defendants' Releasees" means each and all of Defendants and their current and former parents, affiliates, subsidiaries, divisions, controlling unitholders, joint ventures, related or affiliated entities, Officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, managers, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, Immediate Family Members, insurers, indemnifiers, reinsurers, attorneys, and any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest.

(q)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(r)    "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(s)    "Escrow Agent" means Citibank, N.A.

(t)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)    "Energy Transfer" or the "Company" means Energy Transfer LP.

(w)    "Immediate Family Members" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii): children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(x)    "Individual Defendants" means Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, and Matthew S. Ramsey.

(y)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z)     "Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine.

(aa)    "Lead Plaintiffs" means Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System.

(bb)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Class, including, but not limited to, the costs associated with the Class Notice), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(dd)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) disseminating the Class Notice; (ii) providing notices to the Class related to the Settlement (including the costs associated with the Postcard Notice and Settlement Notice); and (iii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

(gg)    "Plaintiffs' Counsel" means Lead Counsel and Zaremba Brown PLLC, additional counsel for Lead Plaintiff International Association of Machinists and Aerospace Workers National Pension Fund.

(hh)    "Plaintiffs' Releasees" means Lead Plaintiffs and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, Officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

(ii)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

(jj)    "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members.

(kk)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ll)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release any claims relating to the enforcement of the Settlement.

(oo)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, including known claims and Unknown Claims, that Lead Plaintiffs or any other Class Member (i) asserted in the Complaint; or (ii) could have asserted in any other forum and that arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint which concerned Energy Transfer's planning, permitting, and construction of the ME2, ME2X, and Revolution pipelines, and that relate to the purchase or other acquisition of Energy Transfer common units during the Class Period.  This release does not cover, include, or release: (i) any claims asserted in *Davidson v. Warren*, No. DC-20-02332 (Dallas Cnty. Tex.); *Harris v. Warren*, No. 2-20-cv-00364-GAM (E.D. Pa.); *In re Energy Transfer LP Derivative Litig.*, No. 3:19-cv-02890-X (N.D. Tex.); and *Inter-Marketing Group USA, Inc. v. LE GP, LLC*, 2022-0139-SG (Del. Ch.); (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

(pp)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq)    "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(rr)    "Releasing Defendants Party" or "Releasing Defendants Parties" means Defendants, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, as well as any other person or entity claiming through or on behalf of any of the foregoing, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity.

(ss)    "Releasing Plaintiffs Party" or "Releasing Plaintiffs Parties" means Lead Plaintiffs and each and every Class Member, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, as well as any other person or entity claiming through or on behalf of any of the foregoing and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity.

(tt)    "Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Class, and Defendants on the terms and conditions set forth in this Stipulation.

(uu)    "Settlement Amount" means $15,000,000 in cash.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)    "Settlement Notice" means the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses,

substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the case website and, upon request, mailed and/or emailed to Class Members.

(yy)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(aaa)    "Unknown Claims" means any Released Plaintiffs' Claims which any Releasing Plaintiffs Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Releasing Defendants Party does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Releasing Plaintiffs Parties and Releasing Defendants Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

16

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Releasing Plaintiffs Parties and Releasing Defendants Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      No later than five (5) business days after the Parties' execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date, each of the Releasing Plaintiffs Parties shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall

17

forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

5.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date, each of the Releasing Defendants Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

6.    Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants or Defendants' insurance carriers shall cause the Settlement Amount to be paid into the Escrow Account within thirty (30) calendar days of the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, contact information for an individual to provide verbal confirmation of wire instructions, and a signed 2024 Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

8.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 17-29 below.

9.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

10.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as

administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, Taxes paid before the Effective Date occurs are subject to the maximum limit in ¶ 33.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

12.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendants' Releasee or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs related to the dissemination of the notice of the Settlement actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the case website and posting the Settlement Notice and Claim Form, publishing the Summary Settlement Notice, reimbursements to nominee owners for identifying beneficial owners or forwarding the Postcard Notice to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims and printing and mailing the Settlement Notice and Claim Forms if requested by potential Class Members), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, subject to the maximum limit in ¶ 33, the portion of the reasonable Notice and Administration Costs that are related to the dissemination of the notice of the Settlement and are

paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

15.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement

22

embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation or such other plan of allocation as the Court approves, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, any Releasing Plaintiff Party in connection with the foregoing.

18.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Class who were previously mailed copies of the Class Notice and any other

potential Class Members who may be identified through reasonable effort, and post the Settlement Notice and Claim Form on the case website as well. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

19.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA. The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment, or Alternate Judgment, if applicable.

20.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation

in this Action.  No Defendant, or any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.    Any Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing or pursing any action, claim, or other proceeding of any kind against Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendants' Releasee shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice and Settlement Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing or pursuing any action, claim, or other proceeding of any kind against any and all Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation approved by the Court the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all

Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing or pursuing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.     No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation or any other plan of allocation that may be approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial

by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION, OR TERMINATION

31.    The Effective Date shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and either the Court entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiffs nor Defendants seek to terminate the Settlement and the Alternate Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 23, 2025;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 13, 15, 36, and 55, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 15 above), less up to $600,000 for (i) any portion of the Notice and Administration Costs that are related to dissemination of notice of the Settlement and are actually incurred, paid, or payable and (ii) any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel

consistent with ¶ 15 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 15 above.

34.    It is further stipulated and agreed that Lead Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Third Circuit or the U.S. Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Third Circuit or the U.S. Supreme Court.  In the event of termination pursuant to this provision, the provisions of ¶ 33 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for an award of attorneys' fees or Litigation Expenses or solely with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.    In addition to the grounds set forth in ¶ 34 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 7 above, but only if (a) Lead Counsel have first notified Defendants' Counsel in writing of Lead Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the entire

Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel have provided such written notice. This remedy is not exclusive; Lead Plaintiffs also have the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 7.

## NO ADMISSION OF WRONGDOING

36. Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Defendants' Releasees with respect to: (I) the truth of any fact alleged by Lead Plaintiffs; or (II) the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation (including without limitation the validity of elements of any claim addressed by the Court in any order that could have been overturned on appeal), or (b) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit (including, without limitation, any argument as to the lack of merit of Lead Plaintiffs' claims that were addressed by the Court in any order that could have been overturned on appeal), that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (b) any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and any other of the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less up to $600,000 for (i) Taxes paid, due, or owing with respect to the Settlement Fund; and (ii) any portion of the Notice and Administration Costs related to dissemination of notice of the Settlement that is actually incurred, paid, or payable) shall be returned as provided in ¶ 33 above.

40.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Class Members against Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party

shall assert against any other Party any claims of any violation of Rule 11 of the Federal Rules of

Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The

Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's

length and in good faith by the Parties and reflect that the Settlement was reached voluntarily after

extensive negotiations and consultation with experienced legal counsel, who were fully competent

to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    The terms of the Settlement, as reflected in this Stipulation, may not be modified

or amended, nor may any of its provisions be waived except by a writing signed on behalf of both

Lead Plaintiffs and Defendants (or their successors-in-interest).

42.    The headings herein are used for the purpose of convenience only and are not meant

to have legal effect.

43.    The administration and consummation of the Settlement as embodied in this

Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to

Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net

Settlement Fund to Class Members.

44.    The waiver by one Party of any breach of this Stipulation by any other Party shall

not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45.    This Stipulation and its exhibits constitute the entire agreement among Lead

Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All

Parties acknowledge that no other agreements, representations, warranties, or inducements have

been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

46.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

48.    The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Pennsylvania without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

50.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

51.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

53.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Attn:   John Rizio-Hamilton
   Adam H. Wierzbowski
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: johnr@blbglaw.com
   adam@blbglaw.com

-and-

BARRACK, RODOS & BACINE
Attn:   Jeffrey W. Golan
   Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone (215) 963-0600
Facsimile: (215) 963-0838
Email: jgolan@barrack.com
   ccarder@barrack.com

| | |
|---|---|
| If to Defendants or Defendants' Counsel: | GIBSON, DUNN & CRUTCHER LLP<br>John T. Cox III<br>2001 Ross Avenue<br>Suite 2100<br>Dallas, TX 75201<br>Tel: (214) 698-3100<br>Fax: (214) 571-2900<br>Email: tcox@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Brian M. Lutz<br>Colin B. Davis<br>555 Mission Street<br>Suite 3000<br>San Francisco, CA 94105<br>Tel: (415) 393-8200<br>Fax: (415) 393-8306<br>Email: blutz@gibsondunn.com<br>      cdavis@gibsondunn.com<br><br>-and-<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Laura H. McNally<br>Karen Pieslak Pohlmann<br>2222 Market Street<br>Philadelphia, PA 19103<br>Tel: (215) 963-5000<br>Fax: (215) 963-5001<br>Email: laura.mcnally@morganlewis.com<br>      karen.pohlmann@morganlewis.com |

54.     Except as otherwise provided herein, each Party shall bear its own costs.

55.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation strictly confidential, except where disclosure is required by law.

56.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

57.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 12, 2025.

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

By: _____
    John Rizio-Hamilton
Adam H. Wierzbowski
Michael Mathai
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: johnr@blbglaw.com
         adam@blbglaw.com
         Michael.Mathai@blbglaw.com

**BARRACK, RODOS & BACINE**

By: _____
         Jeffrey W. Golan
Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone (215) 963-0600
Facsimile: (215) 963-0838
Email: jgolan@barrack.com
           ccarder@barrack.com

*Lead Counsel for Lead Plaintiffs and the Class*

**GIBSON, DUNN & CRUTCHER LLP**

By: _____
         John T. Cox III
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
Email:  tcox@gibsondunn.com

Brian M. Lutz
Colin B. Davis
555 Mission Street
Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 393-8306
Email:  blutz@gibsondunn.com
            cdavis@gibsondunn.com

**BARRACK, RODOS & BACINE**


By: _____
         Jeffrey W. Golan
Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone (215) 963-0600
Facsimile: (215) 963-0838
Email: jgolan@barrack.com
          ccarder@barrack.com

*Lead Counsel for Lead Plaintiffs and the Class*


**GIBSON, DUNN & CRUTCHER LLP**


By: _____
         John T. Cox III
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
Email:  tcox@gibsondunn.com

Brian M. Lutz
Colin B. Davis
555 Mission Street
Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 393-8306
Email:  blutz@gibsondunn.com
          cdavis@gibsondunn.com

**MORGAN, LEWIS & BOCKIUS LLP**

By: _Laura McNally_

     Laura H. McNally
Karen Pieslak Pohlmann
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
Email: laura.mcnally@morganlewis.com
       karen.pohlmann@morganlewis.com

*Counsel for Defendants*

# Appendix A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>     Defendants. | Case No. 2:20-cv-00200-GAM |

## <u>NOTICE OF PENDENCY OF CLASS ACTION</u>

**To:** All persons who purchased or otherwise acquired common units of Energy Transfer LP between February 25, 2017, and November 11, 2019, inclusive.

*A federal court has authorized this notice.  Please do not disregard the information contained in this notice. This document is not junk mail, an advertisement, or a legal solicitation.*

## PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.  THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION.

You are receiving this Notice pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court") to inform you (i) of a class action lawsuit that is now pending in the Court under the caption *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM (the "Action") against Energy Transfer LP ("Energy Transfer"), Kelcy L. Warren, Thomas E. Long, Marshall McCrea, and Matthew S. Ramsey (collectively, "Defendants"), and

Questions? Visit www.EnergyTransferSecuritiesLitigation.com or call toll-free 844-717-0724

(ii) that the Action has been certified by the Court to proceed as a class action on behalf of certain purchasers and acquirers of Energy Transfer common units.

The Court has not decided whether Defendants did anything wrong, and this Notice is not an admission by Defendants or an expression of any opinion of the Court concerning the merits of the lawsuit or a finding by the Court that the claims asserted by Lead Plaintiffs the Allegheny County Employees' Retirement System, the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, the Denver Employees Retirement Plan, the IAM National Pension Fund, and the Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs") in this case are valid. There is no settlement or monetary recovery at this time, and there is no guarantee there will be any recovery. However, your legal rights may be affected.

| What are my options? | |
|---|---|
| Do nothing | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of sharing in any recovery (monetary or otherwise) that may result from a trial or a settlement. But you give up any right you may have to sue Defendants separately about the issues and claims being raised in this lawsuit, and you will be bound by the outcome of this case. |
| Ask to be excluded by **July 16, 2024** | **Get out of this lawsuit. Get no benefits from it. Keep your rights.**<br><br>If you ask to be excluded from this lawsuit, you will not be bound by what the Court does in this case and will keep any right you might have to sue Defendants separately about the same issues and claims being raised in this lawsuit. If a recovery is later awarded in this case, you would not share in that recovery. |

## BASIC INFORMATION

1. The "Class," as certified by the Court, consists of:

   All persons who purchased or otherwise acquired common units of Energy Transfer LP between February 25, 2017, and November 11, 2019, inclusive (the "Class Period").[1]

   Excluded from the Class are: (i) Energy Transfer; (ii) any directors or officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.

2. This Notice is directed to you because you may be a member of the Class (a "Class Member"). If you are a Class Member, your rights will be affected by this Action. If you

---

[1] Before October 19, 2018, Energy Transfer LP was known as Energy Transfer Equity, L.P. and its common unit ticker symbol was ETE. On October 19, 2018, Energy Transfer Equity, L.P. changed its name to Energy Transfer LP and changed its common unit ticker symbol to ET.

do not meet the definition of a Class Member, the Notice does not apply to you. If you are uncertain whether you are a Class Member, contact Class Counsel listed below, in paragraph 17, or your own attorney.

3.  This Notice is not an admission by Defendants or an expression of any opinion of the Court concerning the merits of the Action or a finding by the Court that the claims asserted by Lead Plaintiffs in this case are valid. This Notice is intended solely to advise you of the pendency of the Action and of your rights in connection with it. Defendants have (i) denied all claims and wrongdoing asserted in the Action and any liability arising out of the conduct alleged in the Action and (ii) asserted various defenses. No findings of fact, fault, or liability have been made as to any of the current parties to the Action. No trial has occurred and there is no judgment, settlement, or monetary recovery at this time.

4.  The Class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants have reserved their rights in this Action, which could include moving to de-certify the Class, in whole or in part, or seeking the exclusion from the Class of certain entities or individuals at a later date.

## OVERVIEW AND STATUS OF THIS ACTION

5.  On November 20, 2019 and January 10, 2020, investors filed two federal securities class actions in two United States District Courts alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Following dismissal of one of those actions, the Court issued an Order on February 19, 2020, pursuant to the Private Securities Litigation Reform Act of 1995, appointing the Lead Plaintiffs. In the same Order, the Court approved of Lead Plaintiffs' selection of Barrack, Rodos & Bacine and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class.

6.  The Operative Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") was filed on June 15, 2020. The Complaint alleges that during the period from February 25, 2017, through and including December 3, 2019, Defendants made materially misleading or false representations regarding Energy Transfer's construction of a 350-mile set of pipeline projects across the Commonwealth of Pennsylvania, consisting of the Mariner East 2 ("ME2"), Mariner East 2X ("ME2X," and together with ME2, the "Mariner East 2 Pipelines"), and Revolution pipelines. These concerned: (i) the Mariner East 2 Pipelines' and Revolution's completion status and timelines, and the Mariner East 2 Pipelines' stated initial throughput; (ii) Energy Transfer's commitment to safety and regulatory compliance; and (iii) Energy Transfer's compliance with its Code of Business Conduct and Ethics. The Complaint asserts that Defendants' alleged misrepresentations and omissions caused investors to purchase Energy Transfer common units at artificially inflated prices and to suffer damages when the truth was revealed.

7.  On April 6, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the Action. The Defendants have denied and continue to deny that they violated the federal securities laws as alleged in the Complaint.

8.  Defendants filed an answer to the Complaint on June 11, 2021. Defendants deny any wrongdoing in this lawsuit and believe that the claims are without merit. Among other things, Defendants contend that the statements detailed in the Complaint were not materially false or misleading, that Defendants did not make the statements with the

Questions? Visit www.EnergyTransferSecuritiesLitigation.com or call toll-free 844-717-0724

-3-

requisite intent to deceive investors, that they did not have a duty to disclose certain information to the public, and that the price of Energy Transfer's common units was not impacted by the statements and alleged omissions at issue. Defendants also dispute the extent to which Class Members suffered recoverable losses.

9.     On September 17, 2021, Lead Plaintiffs filed a motion for class certification through which they sought to certify a class of all investors who purchased or otherwise acquired Energy Transfer common units from February 25, 2017, through and including December 3, 2019, and who were damaged as a result of Defendants' alleged violations of the federal securities laws. On August 23, 2022, the Court issued an Opinion and Order granting in part and denying in part Lead Plaintiffs' motion for class certification. The Court certified a Class as defined in paragraph 1 above. The Court also appointed Lead Plaintiffs as class representatives and Barrack, Rodos & Bacine and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel. On October 24, 2022, the United States Court of Appeals for the Third Circuit denied Defendants' petition for leave to appeal the class certification Order.

10.    The Court has not decided in favor of Lead Plaintiffs or Defendants. Discovery is now closed. On January 19, 2024, Defendants moved for summary judgment and Plaintiffs moved for partial summary judgment. The briefing on both motions was completed on March 29, 2024. A trial date has not yet been set by the Court.

## YOUR RIGHTS AS A CLASS MEMBER

11.    A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly situated persons and entities (i.e., the class) to obtain monetary or other relief for the benefit of the entire group. Class actions avoid the necessity of each member of a class having to file his, her, their, or its own separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class. Importantly, class members are ***NOT*** individually responsible for the attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the court judgment amount (or the settlement fund) and must be approved by the Court. If there is no recovery, the attorneys do not get paid.

12.    If you purchased or otherwise acquired common units of Energy Transfer during the period from February 25, 2017, through and including November 11, 2019, and you are not excluded from the Class, by definition you are a member of the Class. If you are a Class Member, you have the right to decide whether to remain a Class Member. ***If you choose to remain a Class Member, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Energy Transfer common units as discussed below in paragraph 13.***

If you are a Class Member and wish to be excluded from the Class for any reason (including, but not limited to, because you want to pursue a separate action against Defendants regarding the conduct alleged in this case, do not want to be bound by what the Court does in this case, or simply do not want to be a part of the Class pursuing claims against Defendants), you must request exclusion in accordance with the procedure set forth in paragraph 14 below. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion as to whether a second opportunity to request exclusion

Questions? Visit www.EnergyTransferSecuritiesLitigation.com or call toll-free 844-717-0724

-4-

from the Class will be allowed if there is a settlement or judgment in the Action. Your decision is important for the following reasons.

a.    **If you choose to remain a member of the Class**, you will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable. If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court, you may be eligible to receive a share of that award. If, however, Defendants prevail, you may not pursue a lawsuit on your own behalf with regard to any of the issues or claims arising in the Action. ***Please note that if you remain a Class Member, you will not be personally responsible for Class Counsel's attorneys' fees or costs.*** Class Counsel have agreed to represent the Class on a contingent fee basis, which means that Class Counsel will be awarded fees and expenses only if they succeed in obtaining a recovery from one or more Defendants. Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class. As a Class Member, you will be represented by Class Counsel. Alternatively, you may remain a Class Member and elect to be represented by counsel of your own choosing. If you do retain separate counsel, you will be responsible for that counsel's fees and expenses and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 17 below on or before **July 16, 2024**.

b.    **If you choose to be excluded from the Class**, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. However, you will retain the right to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in the Action. **Please note**, if you decide to exclude yourself from the Class, you may be time-barred from asserting claims covered by the Action by a statute of repose. Please refer to paragraphs 14-16 below if you would like to be excluded from the Class.

13.   Members of the Class will be eligible to participate in any recovery that might be obtained in the Action. Should there be a recovery, Class Members will be required to support their requests to participate in the distribution of any such recovery by demonstrating membership in the Class and documenting their purchases, sales, and/or holdings of Energy Transfer common units and their resulting damages. ***For this reason, please be sure to keep all records of your transactions and holdings in Energy Transfer common units.*** No money or benefits are available now and there is no guarantee that money or benefits will be obtained. If they are, you will be notified regarding how to obtain a share. For the avoidance of doubt, this Notice is not intended to suggest any likelihood that Lead Plaintiffs or Class Members will recover any such damages.

### HOW TO BE EXCLUDED FROM THE CLASS

14.   If you wish to be excluded from the Class, you must specifically request exclusion in accordance with the following procedures. You must send a letter by first-class mail stating that you "request exclusion from the Class in *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM." You must:

(i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of units of Energy Transfer common units purchased, otherwise acquired, and/or sold during the period from February 25, 2017, through and including November 11, 2019, as well as the dates, number of units, and prices of each such purchase, acquisition, and/or sale during that time period; and (iii) include a signature of the person or entity requesting exclusion or an authorized representative accompanied by proof of authorization.  You must mail your exclusion request, postmarked by no later than **July 16, 2024** to:

*Energy Transfer Securities Litigation*
c/o JND Legal Administration
P.O. Box 91415
Seattle, WA 98111

1-844-717-0724

You cannot exclude yourself from the Class by telephone or by email, and a request for exclusion shall not be effective unless it contains all of the information called for by this paragraph *and* is postmarked by the date stated above, or is otherwise accepted by the Court.

15.    If your request for exclusion is effective, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.

16.    Do not request exclusion from the Class if you wish to participate in this Action as a member of the Class.

## CLASS COUNSEL

17.    As a member of the Class, you will be represented by Class Counsel, who are:

| | |
|---|---|
| Jeffrey W. Golan | John Rizio-Hamilton |
| Chad A. Carder | Adam H. Wierzbowski |
| **BARRACK, RODOS & BACINE** | **BERNSTEIN LITOWITZ BERGER** |
| 3300 Two Commerce Square | **& GROSSMANN LLP** |
| 2001 Market Street | 1251 Avenue of the Americas, 44th Floor |
| Philadelphia, PA 19103 | New York, New York 10020 |
| 877-386-3304 | 800-380-8496 |

18.    If you want to be represented by your own lawyer, you may hire one at your own expense. If you do retain your own lawyer, such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 17 above on or before **July 16, 2024**.

## PLEASE KEEP YOUR ADDRESS CURRENT

19.    In order to make sure that you receive any further notices in this Action, you are requested to mail notice of any changes in your address to:

*Energy Transfer Securities Litigation*
c/o JND Legal Administration
P.O. Box 91415

Questions? Visit www.EnergyTransferSecuritiesLitigation.com or call toll-free 844-717-0724

-6-

Seattle, WA 98111

1-844-717-0724

If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Notice Administrator, JND Legal Administration, and provide your correct address. If the Notice Administrator does not have your correct address, you may not receive any future notices that may be disseminated in this Action.

## **WHERE YOU CAN FIND ADDITIONAL INFORMATION**

20.    This Notice provides only a summary of the lawsuit and the claims asserted by Lead Plaintiffs. For more detailed information regarding the Action, you may contact Class Counsel or visit www.EnergyTransferSecuritiesLitigation.com. Complete copies of public pleadings are available for review and copying at the Clerk of the Court's office located at: United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Public pleadings may also be accessed, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

PLEASE DO NOT CALL OR WRITE THE COURT.

## **NOTICE TO BROKERS AND OTHER NOMINEES**

21.    If, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired common units of Energy Transfer during the period from February 25, 2017, through and including November 11, 2019, you must—within seven (7) calendar days of receipt of this Notice—either (a) request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to the Notice Administrator at Energy Transfer Securities Litigation, c/o JND Legal Administration, P.O. Box 91415, Seattle, WA 98111. If you choose the first option, you must send a statement to the Notice Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in this Action**. If you choose the second option, the Notice Administrator will send a copy of the Notice to the beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained from the website maintained by the Notice Administrator, www.EnergyTransferSecuritiesLitigation.com, or by calling the Notice Administrator toll free at 1-844-717-0724.

Dated: May 17, 2024                        BY ORDER OF THE COURT:
                                           United States District Court
                                           for the Eastern District of Pennsylvania

Questions? Visit www.EnergyTransferSecuritiesLitigation.com or call toll-free 844-717-0724

-7-

# Appendix B

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Joseph Carneski | 11 Maple Ln | Wilkes Barre | PA | 18702-2243 | US |
| David B Papp | 63 Natalie Rd | Trumbull | CT | 06611-1211 | US |
| Patricia I Pierce | 699 Whitaker Blvd W Apt 305 | Huntington | WV | 25701-4657 | US |
| Frances L Philip | 700 Stanwood St | Philadelphia | PA | 19111-2311 | UA |
| Thomas Johnson | 3340 Flat Creek Rd | Lancaster | SC | 29720 | US |
| John A Peterson | 25236 S Mohawk Dr | Sun Lake | AZ | 85248 | US |
| Hannah Irene Bell | | | | | US |
| Therese M McCue | 200 2nd st w, Po Box 201 | Delavan | MN | 56023-0201 | US |
| John & Bonita Hempel | 52 Wild Hunter Road | Dennis | MA | 02638 | US |
| Lynn R Russell | 14783 44th Ln NW | Williston | ND | 55801 | US |
| Robert Kmiec | 50 Ernst Court | Mays Landing | NJ | 08830 | US |
| James and Vivian Bolich | 481 Waterside Circle | Titusville | FL | 32780 | US |
| Francine Ceasar | 8316 Waterline Dr Apt 102 | Bogton Beach | FL | 33472 | US |
| Frederick J Osterloh III and Emily V Jackson | 3803 English Oak DRSW | Gainsville | GA | 30504 | US |
| John E Johnson | 756 College Way | Carmel | IN | 46032 | US |
| Diane Barney (Bene of John J Flesch) | 973 Antelope Ave NE | Albuquerque | NM | 87122 | US |
| Freddy Thomas | 7001 Utica Ave Apt 811 | Lubbock | TX | 79424 | US |
| Fred H Hollman | 7010 Wolf Ave | Parma | OH | 44129 | US |
| Robert Norswing Jr | P.O. Box 5975 | Fresno | CT | 93755 | US |
| Jason Smith | 127 Madison Ave Apt 201 | Memphis | TN | 38103 | US |
| James L Bush II & Holly J Bush | 3994 Machester Ct | Pace | FL | 32571 | US |
| Odell C Schaller (C/O Gary R Schaller) | 8015 30th Ave SE | Maynard | MN | 56260 | US |
| Mary Jane Bond | 7923 Colonel Glenn Rd | Liitle Rock | AR | 72204 | US |
| L G Langley | 2485 Whiteoak Dr | Blanchard | OK | 73030 | US |
| Garry Matthew | 1001 S Chestnut St | Ellensburg | WA | 98926 | US |
| Mark Kramer | Box 143 608 10th St | Geneseo | KS | 67444 | US |
| Dale Leon | 1718 E Lincoln Rd Apt Q1120 | Spokane | WA | 99217 | US |
| Gregory Black (C/O Frances Black) | 2008 N Lombard Ave | Evansville | IN | 47715 | US |
| David P Birtwell | 148 West Main St Apt C-212 | Hyannis | MA | 02801-5806 | US |
| William S Miller | 1760 118 Ave NE | Aneta | ND | 58212 | US |
| Joann Phillips | 3942 S Allison Court | Lakewood | CO | 80235 | US |
| Richard H Blankman | 11312 South Lost Creek Circle | Parker | CO | 80138 | US |
| Joseph H Grey C/O Diane Grey | 1877 Krammes Rd | Quakertown | PA | 18951 | US |
| Yan Qing Hong | 15 Bent St | Staten Island | NY | 10312 | US |
| Frederick B Gerbing and Arleen P Gerbing | 447 Mill Creek Dr | Littleton | NC | 27850 | US |
| Douglas W Steele | 53515 Bickett | Chapel Hill | NC | 27517 | US |
| Lan My Truong | 310 Pompano Ln | Freeport | TX | 77541 | US |
| Janice Wilson | 1507 16th Ave SW | Austin | MN | 55912 | US |
| Phillip Hatchard | 6487 Golfcrest Dr | San Diego | CA | 92119 | US |
| Marene Parsons Trust UA DTD 5/22/2014, Marene Parsons | 103 Roxworth Court | Flat Rock | NC | 28731 | US |
| Michael W McDaniel | PO Box 798 | Florence | TX | 76527 | US |
| Curtis N Stambaugh | 860 Burnt House Rd | Carlisle | PA | 17015 | US |
| Arlene Taiariol | 169 Center St | Forest City | PA | 18421 | US |
| Murray Krawitz | 67 Greenfield Rd | Woodridge | NY | 12789 | US |
| John J Wilwerding | PO Box 307 | Freeport | MN | 56331 | US |
| James S Poole Jr and Pasty Poole, Ten Com | 1521 Camellia Blvd Unit 3307 | Layfayette | LA | 70508 | US |
| Nancy and Larry Barman | 647 Alta Vista Way | Laguna Beach | CA | 92651 | US |
| Bernice Noles | 1552 S Highway 17 South | Pomnona Park | Fl | 32181 | US |
| Wanda L Garrett | 504 FM 1534 | Whitney | TX | 76692 | US |
| Felipe Cordero | Av Corrientes 300, 2nd floor, Capital Federal | | | | AR |

1

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Boyce L Tidewell C/O Kathleen T Vinson | 5519 S Columbia Ct | Tulsa | OK | 74105 | US |
| Rose M Harris | 5300 Hageman Rd #101 | Bakersfield | CA | 93308 | US |
| G Honn | PO Box 519 | Greenwich | CT | 06836 | US |
| Sherry L Carrier | 3370 Columbine Dr #103 | Steamboat Springs | CO | 80487 | US |
| Steven F Gunberg | 3370 Columbine Dr #103 | Steamboat Springs | CO | 80487 | US |
| Jeanette Ann Dahl | 6744 Gretchen Ln N | Oakdale | MN | 55128 | US |
| Katherine R Resiz and Philip A Resiz JTWROS | 1703 Briarcliff Circle | Dalton | GA | 30720 | US |
| Nancy E Blough | 1701 NW 75th Ave Apt 203 | Plantation | FL | 33313 | US |
| Johan Q Stokstad | PO Box 1205 | Evergreen | CO | 80437 | US |
| Charles Richard La Brier and Mary Phyllis La Brier | 604 Willow Court | Bowling Green | MO | 63334 | US |
| Mary Louise Parker C/O Judy Bame | 216 Northshore Dr | Bellingham | WA | 98226 | US |
| Doris J Ziegler-Longabach C/O Cheryl D Heck | 12367 Tramonto Dr | Conroe | TX | 77304 | US |
| Marlin J Thorp | 3120 Hamilton Court Dr | Nederland | TX | 77627 | US |
| Joan D Rornig | 658 E Valley Chase Rd | Bloomfld Hills | MI | 43804 | US |
| Edward D Butts | 150 Kipling Ct. | Athens | GA | 30605 | US |
| Estella Purcell | 1810 E Division St | Mount Vernon | WA | 98274 | US |
| Claude W Harless Jr. | 132 Forest Lane South | Blountville | TN | 37617 | US |
| Stephen F Looney | 1250 Reynolds Road | Piney Flats | TN | 37686 | US |
| Wendy Bern - Kalisher | 17042 Knots Landing | Addison | TX | 75001 | US |
| J. L Feller & Phyllis L Feller C/O Pamela Lee Feller Banks | 4809 Rockland Way | Fair Oaks | CA | 95628 | US |
| Samuel M Clement | 12348 West Dorado Place UNIT 304 | Littleton | CO | 80127-5242 | US |
| Bobby B Lyle | 12470 Hillcrest Road, Suite 267 | Dallas | TX | 75230-7137 | US |
| Gene H Anderson | 1351 Stackpole Lane | Dauphin | PA | 17018-9522 | US |
| Michael K Stangeland Jr | 1009 N Savannah dr | Sioux Falls | SD | 57103-6618 | US |
| Virigina R Anderson | 1351 Stackpole Lane | Dauphin | PA | 17018 | US |
| Andre J Douchane | 103 Todos Juntos Rd | Corrales | NM | 87048 | US |
| Fred R Defiore | 27744 SE Highway 42 | Umatilla | FL | 32784 | US |
| Henry J Braunig | 183 Long Creek Blvd | New Braunfels | TX | 78130 | US |
| Lillian Ida Dietrich | W67N708 Evergreen Blvd | Cedarburg | WI | 53012 | US |
| Sandra Couch | 1070 Amhearst Oaks Dr | Lawrenceville | GA | 30043 | US |
| Somnath Yedlapally | 16835 Bonnyton Dr Richmond | Richmond | TX | 77407 | US |
| Mary H Sharrow, Tr. Mary H. Sharrow TTEE U/A DTD 05/11/1988 | 258 Forest Hill SE | Grand Rapids | MI | 49546 | US |
| Dows Kemph | 8402 Loop 171 | Pampa | TX | 79065 | US |
| Jill Susan Sturrock | 5930 Royal Lane Suite E PMB 224 | Dallas | TX | 75230-3896 | US |
| Aden Troy Strurrock | 5931 Royal Lane Suite E PMB 224 | Dallas | TX | 75230-3897 | US |
| Robbert B Bennett | 14007 w 156th Lane | Olathe | KS | 66062 | US |
| Terry L Charles | PO Box 221 | Bronte | TX | 76933 | US |
| Evelyn C Enderlin | 635 s Wilson st | Kennewick | WA | 99336-9513 | US |
| Chad Ryan Mabe | 121 Millstone Drive | Johnson City | TN | 37615 | US |
| Gary D Eppler | 1463 Patriot Drive | Melbourne | FL | 32940-6819 | US |
| McReynolds Equity Partners LP | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| McReynolds Energy Partners LP | 8112 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| John McReynolds | 8113 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Robert M Kerrigan III | 2622 Morganfair Ln | Katy | TX | 77450 | US |
| Andrea Ivory | 7839 Redgate Circle | Houston | TX | 77071 | US |
| Michael C Bryant | 11102 Capri | Houston | TX | 77024 | US |
| Sonia Aube | 6147 Prestonshire Ln | Dallas | TX | 75225-1912 | US |

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Sankar Raj Devarpiran | 5123 Isidore Lane | Missouri City | TX | 77459 | US |
| Kendall G Ruckel | 4654 Edmondson Ave | Dallas | TX | 75209 | US |
| Kelcy Warren | 8111 Westchester Dr. Suite 600 | Dallas | TX | 75225 | US |
| Kim Land | 2823 Cambridgeshire Dr | Carrollton | TX | 75007 | US |
| John C Nolan Estate By Renee Lorenz | 8111 Westchester Dr # 600 | Dallas | TX | 75225 | US |
| Kelcy Warren Partners II, LP By Renee Lorenz | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Clifford Harris | 17907 Cedar Creek Canyon Dr | Dallas | TX | 75252 | US |
| Gregory G McIlwain | 1700 Bluebonnet Dr | Rockwell | TX | 75032 | US |
| Clinton W Oldham | 823 Bauer Rd | Winnie | TX | 77665-7282 | U |
| Kelcy Warren Partners III,LLC formerly known as Seven Bridges Holdings, LLC By Renee Lorenz | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Renee Lorenz | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Kelcy Warren Partners, LP By Renee Lorenz | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Brett Adam Burris & Svetlana G Burris | 22303 Maybrook Park Circle | Katy | TX | 77450 | US |
| Katherine E Geck | 319 Vista Del Lago | Huffman | TX | 77336 | US |
| Steve J Hotte | 5840 Auden Street | Houston | TX | 77005 | US |
| Ian Bowersock | 3524 Boxwood Dr | Grapevine | TX | 76051 | US |
| Roger Herrscher | 3735 Maroneal St | Houston | TX | 77025 | US |
| Luke Fletcher | 2003 South Boulevard | Houston | TX | 77098 | US |
| John DeGood III | 8322 Vaulted Pine Dr | Humble | TX | 77346 | US |
| Bronson D McClary | 4025 Waterloo Place | Melbourne | FL | 32940 | US |
| Jake Pinchback | 1300 Main St | Houston | TX | 77002 | US |
| Matt Teegarden | 12107 Pebblebrook DR | Houston | TX | 77024 | US |
| Clinton D Weakley | 6819 Morningside Dr | Sugar Land | TX | 77479 | US |
| Patrick S Flavin | 13348 Hawthorne Dr | Willis | TX | 77318 | US |
| Russlle J Stevens | 9789 Katy Fwy Apt #1206 | Houston | TX | 77024 | US |
| Brad Widener | 12403 Emerald Lane | Houston | TX | 77535 | US |
| Sharon B Brennan | 923 Limekiln Pk | Maple Glen | TX | 19002-2308 | US |
| Michelle Garcia | 703 Archer Street | Houston | TX | 77009 | US |
| Stuart Gantt | 11 Wilderness Way | Chadds Ford | PA | 19317 | US |
| Donald H Danielson | 19360 Viking Way NW APT 104 | Poulsbo | WA | 98370 | US |
| Brett Buckley | 27907 Geneva Hills Ln | Spring | TX | 77386 | US |
| Ethan Rosales | 246 Allansworth St | San Antonio | TX | 78209 | US |
| Chad Ingalls | 761 Mystic Shores Blvd | Spring Branch | TX | 78070 | US |
| Jamie Bynum | 121 Fleetwood Dr | San Antonio | TX | 78232 | US |
| Michele Latham | PO Box 600 | Schertz | TX | 78154 | US |
| Kevin D Callens | 174 Branding Iron | Spring Branch | TX | 78070 | US |
| Marshall S McCrea III | PO Box 592137 | San Antonio | TX | 78259-0156 | US |
| Clint Loving | 281 Forest Trl | New Braunfels | TX | 78132 | US |
| Paul Robert McPheeters | 300 Oakley Pass | Liberty Hill | TX | 78642 | US |
| Christopher Curia | 8111 Westchester Dr Ste. 700 | Dallas | TX | 75225 | US |
| Lyndsay Hannah | 4342 Matilda St | Dallas | TX | 75206 | US |
| Ronald Bryanton | 1062 Bridgeview Crescent | Castlegar | BC | V1N 4L1 | CA |
| Emily Johnson | 1540 W Bitters Rd #2146 | San Antonio | TX | 78248 | US |
| David Perez Esq | 23015 Two Harbors Glen St | Katy | TX | 77494 | US |
| Joe Nagy and Lou Nagy | 20 Sunset Rd | Palestine | TX | 75801 | US |
| Denis J O'Malley | 10310 Grandview Dr | La Mesa | CA | 91941 | US |
| Frank Recknagel | 1024 Riverstone Circle | Lebanon | PA | 17042 | US |

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Kirk Wilcox | 18350 Hatteras St #250 | Tarzana | CA | 91356 | US |
| Cora Lain | PO Box 627 | Schulenburg | TX | 78956 | US |
| Robert Mars | 32 Ramapo Ave | Staten Island | NY | 10309 | US |
| Dayrel Dain Gipson | 99 Pin Oak Ln | Hemptsead | TX | 77445 | US |
| Albert C Kravatz | 642 Mount Alverno road | Media | PA | 19063 | US |
| David Flowers | 7119 Mason Dells Dr | Dallas | TX | 75230 | US |
| Mark Gary | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Andrew Harris | 2190 Country Club Rd | Allen | TX | 75002 | US |
| Robert B Bankhead III | 1188 Oval Dr | Athens | TX | 75751 | US |
| Geoffery Lightfoot | 4524 Shenandoah St | Dallas | TX | 75205 | US |
| Adam Arthur | 3509 Princeton Ave | Dallas | TX | 75209 | US |
| Matthew Jones | 9732 Niltina Ln | Eagle River | AK | 99577-8516 | US |
| Nicholas Daniel Holroyd | 927 Cortland St | Houston | TX | 77008 | US |
| James Brian Bacbe | 511 Muskingum Rd | Waxahachie | TX | 75165 | US |
| Anne T Armstrong | 9218 Livenshire | Dallas | TX | 75238 | US |
| Nicholas J Bryan | 298 Carpenter Ln | Roaring Branch | PA | 17765 | US |
| Jim Wright | 4607 S Versailles Ave | Dallas | TX | 75209 | US |
| Alex Tracy | 2135 Sul Ross St | Houston | TX | 77098 | US |
| Mark Vedral | 10815 Ashcroft Dr | Houston | TX | 77096 | US |
| Micah Clint Green | 9335 Lake Trail Dr | Celina | TX | 75009 | US |
| Christopher Love | 9732 State Highway 7E | Centerville | TX | 75833 | US |
| Lori Bedford Edmondson | 6201 Lakeridge Rd | Arlington | TX | 76016 | US |
| Joseph John Lomonaco III | 162 Memorial Dr | Barrel City | TX | 75156-4283 | US |
| Donald Bowen | 8139 Caroline Ridge Dr | Humble | TX | 77396 | US |
| Edwin Brent Ratliff | 6831 Stichter Ave | Dallas | TX | 75230 | US |
| Roger Herrscher | 3735 Maroneal St | Houston | TX | 77025 | US |
| Ashton Hayse | 3532 Potomac Ave | Highland Park | TX | 75205 | US |
| Thomas E Long | 8111 Westchester Dr Ste. 700 | Dallas | TX | 75225 | US |
| Erin Cartwright | 204 S Tenney Dr | Buckhannon | WV | 26201-3576 | US |
| William Yenke | 5186 Old Railroad Trail | Kaufman | TX | 75142 | US |
| John W Shoemake | 424 Arbin Culpepper Rd | Jonesboro | LA | 71271 | US |
| Shannon Maberry | Box 868 | Jal | NM | 88285 | US |
| James C Dowden | 931 Adios Ave | Maitland | FL | 32751 | US |
| Jill L Davis Trust | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Stephen J Davis Trust | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Kristine Michele Davis Trust | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Linda Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| RCD Stock Holdings LLC C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Ray Davis Grandchildren's Trust | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Linda Davis 2008 Grandchildren's Trust C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Linda Davis family Remainder Trust C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Avatar Investments C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Avatar Holdings C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Avatar Stock Holdings C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Avatar BW C/O Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| Thomas P Mason | 4215 Shorecrest | Dallas | TX | 75209 | US |
| Jennifer P Street | 11439 Crest Brook Dr | Dallas | TX | 75230 | US |
| Rose E Noble | 2335 Maple Dr | Jackson | MI | 49203 | US |
| Steven Hearn | 1415 Baldridge Ln | Katy | TX | 77494-4714 | US |

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Ian Bowersock | 3524 Boxwood Dr | Grapevine | TX | 76051 | US |
| Morgan Gothard | 326 Grand Creek Dr | League City | TX | 77573 | US |
| William R Kelley | 919 Shenanhoah Falls Ln | Rosenberg | TX | 77469 | US |
| Shawna Flynn | 1337 Harvard St | Houston | TX | 77008 | US |
| Anna Holt | 1821 Center St | Baytown | TX | 77520 | US |
| Phillip Saldivar | 1119 Barkston Dr | Katy | TX | 77450 | US |
| Jessica L Hamilton | 5914 Peralta Shores Dr | Houston | TX | 77059 | US |
| David Daily | 31 Melwood Dr | Belleville | IL | 62223 | US |
| Ken English | 6356 County Road 307 | Lavernia | TX | 78121 | US |
| Gina Fletcher | 2003 South Blvd | Houston | TX | 77098 | US |
| Jonathan Lee | 28313 Meadow Forest | Magnolia | TX | 77355 | US |
| Peggy J Harrison | 20085 S 4190 Rd | Claremore | OK | 74019 | US |
| Todd W Frazee | 3031 S Rockford Rd | Tulsa | OK | 74114 | US |
| Jacqueline Hunt | PO Box 634 | Bronte | TX | 76933 | US |
| Scott Grossman | 3806 Merrick St | Houston | TX | 77025 | US |
| Roger Eslick | 602 E 11th | Spearman | TX | 79081 | US |
| Sherry Bonawitz | 475 N Church St | Elizabethville | PA | 17023 | US |
| William J Byrd IRA Rollover Charles Schwab | N08 Lake Cherokee | Longview | TX | 75603 | US |
| bruce kelpe | 670 Ashley Road | Ruston | LA | 71270 | US |
| Bissell Energy, Ltd C/O R. Jay Bissell | PO Box 5214 | Longview | TX | 75608 | US |
| Blair Lichtenwalter | 817 Dunleigh Meadows | Houston | TX | 77055 | US |
| Larry Sikkila | 408 Sunrise Dr | Litchfield | MN | 55355-2510 | US |
| William J Byrd | N08 Lake Cherokee | Longview | TX | 75603 | US |
| Robert A Nunnery | 5334 Wonder Dr | Fort Worth | TX | 76133-1927 | US |
| Janet Engelbrecht Trustee Janet Engelbrecht Trust Dated May 7, 2008 | 59 Park Lane | Sonoma | CA | 95476-7334 | US |
| Mark D Riddle | 350 County Road 461B | Brazoria | TX | 77422 | US |
| James L Moore C/O Cassie | 10860 S Shore Dr | Lake | MI | 48632 | US |
| ET Company By Renee Lorenz | 8111 Westchester Dr Ste. 600 | Dallas | TX | 75225 | US |
| Raymond A Chaffin | 12909 S 30th St | Bellevue | NE | 68123 | US |
| Kelsey M Chaffin | 923 Ramsgate Court Apt 1608 | Bellevue | NE | 68123 | US |
| Raymond Allen Chaffin | 12909 S 30th St | Bellevue | NE | 68123 | US |
| Amy Wardell-Demant | 1 Orient Way #303 Rutherford | Rutherford | NJ | 07070 | US |
| Rick Ramirez | 2133 Dorsat Street | Corpus Christi | TX | 78414 | US |
| Bobby Charles Blackburn | 3022 Amy Lynn Lane | Duncan | OK | 73533 | US |
| Daniel W Koerner | 592 Browning Rd | Rock Cave | WV | 26234 | US |
| Gregory W Metoyer | 21975 Whitetail Xing | New Caney | TX | 77357 | US |
| Gary s Begley | 104 Thurmond Dr | Oak Hill | WV | 25901 | US |
| Timothy Clark Barnes | 5146 Saratoga Dr | Jackson | MS | 39211 | US |
| Michael Todd Mceuen | 103 Swede Creek | Boerne | TX | 78006 | US |
| Robert Weber Roth IRA | 1316 Corthlandt Street | Houston | TX | 77008 | US |
| Robert Weber Rollover IRA | 1316 Corthlandt Street | Houston | TX | 77008 | US |
| Lois M Weber Traditional IRA C/O Robert Weber | 1316 Corthlandt Street | Houston | TX | 77008 | US |
| Lois M Weber Revocable Trust C/O Robert Weber | 1316 Corthlandt Street | Houston | TX | 77008 | US |
| Elida K Phillips Roth IRA C/O Robert Weber | 1316 Corthlandt Street | Houston | TX | 77008 | US |
| Miguel Lugo | 16657 CR 1714 | Odem | TX | 78370 | US |
| CRT KOSAK | Ulica Iga Grunda 11 | Ljubljana | N/A | 1000 | SL |
| Alejandro Asencio-Medina | 1728 Alter St | Philadelphia | PA | 19146 | US |
| Matthew Griffith | 1816 Dogwood Dr | Sissonville | WV | 25320 | US |
| Mary Susan Stevenson | 29127 Blue Finch Court | Katy | TX | 77494 | US |
| Fariha Khan | 4034 Clayton Greens CT | Houston | TX | 77082 | US |
| Dawn McGuire | 7315 Shannondale Dr | Sugar Land | TX | 77479 | US |

| Full Name | Address | City | State/ Province | Zip/Postal Code | Country |
|---|---|---|---|---|---|
| Paige B Edwards | 7019 Gateridge Dr | Dallas | TX | 75254 | US |
| Ray Davis | 5950 Sherry Ln #550 | Dallas | TX | 75225 | US |
| John Stetson Formby | 20714 Via Santa Caterina Dr | Cypress | TX | 77433 | US |
| Kathy Washington | 1663 Meadow Green Dr | Missouri City | TX | N/A | US |
| Christina Payne | 3808 Merrick St | Houston | TX | 77025 | US |
| Wayne Coalson | PO Box 6 | Bronte | TX | 76933 | US |
| Chris Hearn | 603 Collard St | Spearman | TX | 79081 | US |
| Valentine C Florio & Margaret B | 243 N Currituck Rd | Moyock | NC | 27958 | US |
| PTC Cust IRA FBO Philip B Farley | 1093 Lilac CT | Broomfield | CO | 80020-1009 | US |
| Nevaeha Kasmarcik | 142 Dallas Ln | Statesville | NC | 28677 | US |
| Ted Markham & Janice Markham | 11350 E Sarah Jane Ln #9 | Dewey | AZ | 86237 | US |
| William Volk | 142 Dallas Ln | Statesville | NC | 28677 | US |

6

# Exhibit A

Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>    Defendants. | Case No. 2:20-cv-00200-GAM |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM (the "Action");

WHEREAS, by Order dated August 23, 2022 (ECF No. 114), the Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired common units of Energy Transfer between February 25, 2017, and November 11, 2019, inclusive (the

"Class Period").[1]    The Court also appointed Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs") as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine as Class Counsel for the Class;

WHEREAS, by Order dated April 26, 2024 (ECF No. 206), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by July 16, 2024, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 17, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 735,000 copies of the Class Notice, and 257 requests for exclusion from the Class were received by August 6, 2024 (ECF No. 214 ¶¶ 3, 9, 13);

---

[1] Excluded from the Class are:  (i) Energy Transfer; (ii) any directors or officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix B to the Stipulation.

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class; and (b) Defendant Energy Transfer LP ("Energy Transfer" or the "Company") and Defendants Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, and Matthew S. Ramsey (collectively, the "Individual Defendants," and together with Energy Transfer, "Defendants," and, together with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 12, 2025 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. either in person at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by videoconference, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class.  Lead Counsel are now authorized to retain JND as Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more

fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)    not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to all potential Class Members who were previously mailed a copy of the Class Notice; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)    by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on a website previously established for the Action, www.EnergyTransferSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded.  In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.     **Nominee Procedures** – In connection with the previously disseminated Class Notices, Nominees were advised that, if they purchased or otherwise acquired common units of Energy Transfer during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (a) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND; or (b) send a copy of the Class Notice by email to all such beneficial owners for whom they had email addresses, and request from JND sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses are not available, and then forward those Class Notices to all such beneficial owners.

(a)     For Nominees who chose the first option (i.e., provided a list of names, addresses, and, if available, email addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail or email a copy of the Postcard Notice to each of the beneficial owners whose names and addresses and/or email addresses the Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired Energy Transfer common units during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b)     For Nominees who chose the second option (i.e., elected to mail or email the Class Notice directly to beneficial owners), JND shall forward the same number of Postcard Notices to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(c)     For Nominees that purchased or otherwise acquired Energy Transfer common units during the Class Period for beneficial owners whose names and addresses were not

previously provided to JND or if a Nominee is aware of name, address, or email address changes for beneficial owners whose names, addresses, and email addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from JND, mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail or email the Postcard Notices to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.03 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.03 per Postcard Notice emailed; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

6.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Settlement Notice, Claim Form, and Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise

Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Settlement Notice, and Summary Settlement Notice before they are mailed and/or emailed, posted, or published.

7. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their

discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from

commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **No Further Opportunity to Request Exclusion From the Class** – The Class Notice was mailed to more than 735,000 potential Class Members beginning on May 17, 2024. (ECF No. 214 ¶ 3, 13.) The Class Notice expressly informed potential Class Members that if they did not request exclusion by July 16, 2024, they would be bound by all orders, whether favorable or unfavorable, that the Court enters in this case. (*See* ECF No. 214-1 ¶ 12(a).)[2] In light of this extensive notice program and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, and in accordance with Rule 23(e)(4) of the Federal Rules of Civil Procedure, there is no need for a further opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mkg. Cooperative*, 2020 WL 5211035, at *13 (E.D. Pa. Sept. 1, 2020); *In re Flonase Antitrust Litig.*, 2013 WL 12148283, at *2 (E.D. Pa. Jan. 14, 2013).

12. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the

---

[2] In addition, the Class Notice expressly stated that "it is within the Court's discretion as to whether a second opportunity to request exclusion from the Class will be allowed if there is a settlement or judgment in the Action," and that no such opportunity was guaranteed. (ECF No. 214-1 ¶ 12.)

Court may otherwise direct. Any Class Member that does not enter an appearance will be represented by Lead Counsel.

13.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger<br>& Grossmann LLP<br>Adam H. Wierzbowski<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | Gibson, Dunn & Crutcher LLP<br>Brian M. Lutz<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 |
| -and- | -and- |
| Barrack, Rodos & Bacine<br>Jeffrey W. Golan<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 | Morgan, Lewis & Bockius LLP<br>Laura H. McNally<br>2222 Market Street<br>Philadelphia, PA 19103 |

14.     Any objections, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding: *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM; (2) the objector's full name, current

address, email address (if applicable), and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of common units of Energy Transfer that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of units, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

15.     Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 13 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for

attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

18.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Class Members of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of April 23, 2025, as provided in the Stipulation.

22.    **Use of this Order** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Defendants' Releasees with respect to: (I) the truth of any fact alleged by Lead Plaintiffs; or (II) the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation (including without limitation the validity of elements of any claim addressed by the Court in any order that could have been overturned on appeal), or (b) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit (including, without limitation, any argument as to the lack of merit of Lead Plaintiffs' claims that were addressed by the Court in any order that could have been overturned on appeal), that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (b) any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35)

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served

no later than seven (7) calendar days prior to the Settlement Hearing.

24.    **Jurisdiction** – The Court retains jurisdiction to consider all further applications

arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.


_____
The Honorable Gerald A. McHugh
United States District Judge

#3697251

# Exhibit A-1

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.EnergyTransferSecuritiesLitigation.com for more information.*

The parties in the securities class action *Allegheny County Employees' Retirement System v. Energy Transfer LP*, No. 2:20-cv-00200-GAM (E.D. Pa.) (the "Action") have reached a proposed settlement of claims asserted in the Action against Energy Transfer LP ("Energy Transfer") and certain of its current and former executives (collectively, "Defendants"). If approved, the Settlement will resolve the Action. In the Action, Lead Plaintiffs alleged that Defendants made materially false and misleading statements concerning Energy Transfer's construction of a set of pipeline projects across Pennsylvania, consisting of the Mariner East 2, Mariner East 2X, and Revolution pipelines, between February 25, 2017, and November 11, 2019, inclusive (the "Class Period"). Defendants deny any liability or wrongdoing. You received this notice because you, or an account for which you serve as a custodian, may be a member of the following Class: all persons who purchased or otherwise acquired common units of Energy Transfer during the Class Period.

Pursuant to the Settlement, Defendants have agreed to pay **$15,000,000 in cash**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Settlement Notice available at www.EnergyTransferSecuritiesLitigation.com.** If you are a Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Energy Transfer common units during the relevant time period. If all Class Members elect to participate in the Settlement, the estimated average recovery per eligible common unit will be approximately $0.005 *before* deducting any Court-approved fees, expenses, and costs. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Settlement Notice, or other plan of allocation ordered by the Court.

**To be eligible for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on **www.EnergyTransferSecuritiesLitigation.com**, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2025.** If you want to object to any aspect of the Settlement, you must file or mail an objection by _____, 2025. The full Settlement Notice provides instructions on how to submit a Claim Form and how to object, and you must comply with all of the instructions in the Settlement Notice.

The Court will hold a hearing on _____, 2025, at \_\_:\_\_ \_.m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $2.6 million (which equals a cost of approximately $0.002 per eligible common unit). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-844-717-0724, email info@EnergyTransferSecuritiesLitigation.com, or visit www.EnergyTransferSecuritiesLitigation.com.**

Energy Transfer Securities Litigation
c/o JND Legal Administrator
P.O. Box 91415
Seattle, WA 98111

### *COURT-ORDERED LEGAL NOTICE*

*Allegheny County Employees' Retirement System*
*v. Energy Transfer LP,*
Case No. 2:20-cv-00200-GAM (E.D. Pa.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Postcard Notice carefully.**

**For more information, please visit www.EnergyTransferSecuritiesLitigation.com or call 1-844-717-0724.**

[**ADD QR CODE HERE**]

# Exhibit A-2

Exhibit A-2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>      v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>                          Defendants. | Case No. 2:20-cv-00200-GAM |

## NOTICE OF (I) PROPOSED SETTLEMENT OF
## CLASS ACTION; (II) SETTLEMENT HEARING; AND
## (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**   **all persons who purchased or otherwise acquired common units of Energy Transfer LP ("Energy Transfer") between February 25, 2017, and November 11, 2019, inclusive (the "Class Period")**

*A Federal Court authorized this Settlement Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  Please be advised that the Court-appointed Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (together, "Lead Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 26 below), have reached a

proposed settlement of the Action for **$15,000,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Energy Transfer, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 73 below).**

1.  **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Energy Transfer and certain of its executives, Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, and Matthew S. Ramsey (together, the "Individual Defendants"), violated the federal securities laws by making false and misleading statements during the Class Period regarding Energy Transfer's construction of a set of pipeline projects in Pennsylvania.  A more detailed description of the Action is set forth in paragraphs 11-25 below.  If the Court approves the proposed Settlement, the Action will be dismissed and members of the Class (defined in paragraph 26 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 37 below).

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $15,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.  **Estimate of Average Amount of Recovery Per Unit:**  Based on Lead Plaintiffs' damages expert's estimate of the number of Energy Transfer common units purchased during the Class Period that may have been affected by the misstatements alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.005 per eligible common unit.  **Class Members should note, however, that the foregoing average recovery per unit is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Energy Transfer common units, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Unit:**  The Parties do not agree on the average amount of damages per unit that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 12, 2025 (the "Stipulation"), which is available at EnergyTransferSecuritiesLitigation.com

things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $2,600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per affected Energy Transfer common unit will be $0.002 per unit.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are represented by Adam H. Wierzbowski of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York., NY 10020, (800) 380-8496, settlements@blbglaw.com; and Jeffrey W. Golan of Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, (877) 386-3304, settlements@barrack.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or no recovery at all—might be achieved after a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that the Class Members were damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 37 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |

| | |
|---|---|
| **GO TO A HEARING ON _____, 2025 AT \_\_:00 \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. <u>Please Note:</u> The date and time of the Settlement Hearing—currently scheduled for _____, 2025 at \_\_:00 \_.m. Eastern Time—is subject to change without further notice to the Class. If you plan to attend the hearing, you should check the case website, <u>EnergyTransferSecuritiesLitigation.com</u>, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                                 Page [\_\_]
What Is This Case About?                                                                   Page [\_\_]
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class?                                                           Page [\_\_]
What Are Lead Plaintiffs' Reasons For The Settlement?                                      Page [\_\_]
What Might Happen If There Were No Settlement?                                             Page [\_\_]
How Are Class Members Affected By The Action And The Settlement?                           Page [\_\_]
How Do I Participate In The Settlement? What Do I Need To Do?                              Page [\_\_]
How Much Will My Payment Be?                                                               Page [\_\_]
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid?                                                           Page [\_\_]
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Speak At The Hearing If I
   Don't Like The Settlement?                                                             Page [\_\_]
What If I Bought Energy Transfer Common Units On Someone Else's Behalf?                    Page [\_\_]
Can I See The Court File? Whom Should I Contact If I Have Questions?                        Page [\_\_]
Appendix A: Plan of Allocation of the Net Settlement Fund                                  Page [\_\_]

## WHY DID I GET THIS NOTICE?

8.    The purpose of this Settlement Notice is to inform potential Class Members of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 58-59 below for details about the Settlement Hearing, including the date and location of the hearing.

9.    The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

10.    Energy Transfer is a Dallas-based energy services partnership, which, through its subsidiaries, operates interstate and intrastate natural gas, natural gas liquids, and crude and refined oil transportation and storage facilities.  Energy Transfer was formerly known as Energy Transfer Equity, L.P. and changed its name to Energy Transfer LP in October 2018.  During the Class Period, Energy Transfer common units traded on the New York Stock Exchange under the ticker symbol "ETE" (before October 19, 2018) and "ET" (on and after October 19, 2018).

11.    On November 20, 2019, and January 10, 2020, investors filed two federal securities class actions in two U.S. District Courts alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Following dismissal of one of those actions, the Court issued an Order on February 19, 2020, pursuant to the PSLRA, appointing the Lead Plaintiffs.  In the same Order, the Court approved Lead Plaintiffs' selection of Barrack, Rodos & Bacine and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class.

12.    Lead Plaintiffs filed the Operative Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") on June 15, 2020.  The Complaint alleged that during the period from February 25, 2017, through and including December 3, 2019, Defendants made materially false or misleading representations and omissions regarding Energy Transfer's construction of a 350-mile set of pipeline projects across the Commonwealth of Pennsylvania, consisting of the Mariner East 2 ("ME2"), Mariner East 2X ("ME2X," and together with ME2, the "Mariner East 2 Pipelines"), and Revolution pipelines. The alleged false and misleading statements and omissions concerned: (i) the Mariner East 2 Pipelines' and Revolution's completion status and timelines, and the ME2's capacity; (ii) Energy Transfer's commitment to safety and regulatory compliance; and (iii) Energy Transfer's compliance with criminal statutes and its Code of Business Conduct and Ethics.  The Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase Energy Transfer common units at artificially inflated prices and to suffer damages when the truth was revealed.

13.    On April 6, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the Action.  Defendants filed an answer to the Complaint on June 11, 2021.

14.    On September 17, 2021, Lead Plaintiffs filed a motion for class certification through which they sought to certify a class of all investors who purchased or otherwise acquired Energy Transfer common

units from February 25, 2017, through and including December 3, 2019, and who were damaged as a result of Defendants' alleged violations of the federal securities laws. On August 23, 2022, the Court issued an Opinion and Order granting in part and denying in part Lead Plaintiffs' motion for class certification (the "Class Certification Order"). On October 24, 2022, the U.S. Court of Appeals for the Third Circuit denied Defendants' petition for leave to appeal the Class Certification Order.

15.    The Class Certification Order certified the Class as defined in ¶ 26 below, appointed Lead Plaintiffs as Class Representatives, and appointed Lead Counsel as class counsel in the Action. On April 26, 2024, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the proposed form, content, and method for dissemination of the Notice of Pendency of Class Action ("Class Notice") and the Summary Notice of Pendency of Class Action.

16.    The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that they may not have the further opportunity to exclude themselves from the Class at the time of any settlement or judgment. The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."

17.    The deadline for requesting exclusion from the Class was July 16, 2024. Attached to the Stipulation as Appendix B and available at EnergyTransferSecuritiesLitigation.com, is a list of the persons and entities who submitted a valid and timely request for exclusion from the Class.

18.    Discovery in the Action commenced in June 2021 and concluded in December 2023. Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced more than 1.5 million pages of documents to Lead Plaintiffs. Lead Plaintiffs also produced more than 52,000 pages of documents to Defendants. Lead Plaintiffs also served subpoenas on and negotiated document discovery with 19 third parties, while Defendants served subpoenas on and negotiated discovery with 12 third parties. In addition, the Parties conducted depositions of 31 fact witnesses, including the Individual Defendants and other senior Energy Transfer executives, and nine expert witnesses. The Parties also served and responded to interrogatories and requests for admission, exchanged numerous letters concerning disputes between the Parties and with nonparties on discovery issues, and litigated multiple motions to compel the production of responsive documents.

19.    By the close of discovery, the Court had dismissed or Lead Plaintiffs had decided not to pursue all statements except certain statements concerning (i) ME2's in-service timing and capacity; and (ii) Energy Transfer's commitment to safety and regulatory compliance.

20.    On January 19, 2024, Defendants moved for summary judgment and Lead Plaintiffs moved for partial summary judgment. The briefing on both motions was completed on March 29, 2024. On August 8, 2024, the Court issued a decision granting the motions in part and denying them in part. The Court found that there were disputes of material fact as to whether Defendants' statements regarding the in-service date for ME2, as well as its capacity, were false or misleading, made with scienter, and caused Lead Plaintiffs and the Class to suffer damages. The Court also found as a matter of law that certain statements Energy Transfer made from February to June 2018 concerning ME2's initial capacity were false or misleading, that the statements were attributable to Individual Defendants Long, McCrea, and Ramsey and that those Individual Defendants knew "the falsity or misleadingness of the initial capacity by February 2018." The Court also found that Lead Plaintiffs could not show any losses caused by Defendants' statements concerning Energy Transfer's commitment to safety and regulatory compliance, and on that basis granted summary judgment for Defendants on all corrective disclosures except the

August 2018 alleged corrective disclosure and all statements except those concerning ME2's in-service timing and capacity made on or before August 9, 2018.

21.   On February 14, 2025, the Court entered an order scheduling the trial of Lead Plaintiffs' remaining claims to begin on May 28, 2025 and also setting the schedule for the remaining pre-trial submissions. Pursuant to the Court-ordered schedule, on March 6, 2025, the Parties exchanged their exhibit lists, the names of witnesses they planned to call at trial, and deposition designations.  On March 27, 2025, pursuant to the Court-ordered schedule, Lead Plaintiffs filed three *Daubert* motions and four motions *in limine*, and Defendants filed two *Daubert* motions and six motions *in limine*.  On April 10, 2025, pursuant to the Court-ordered schedule, Lead Plaintiffs provided Defendants with their proposed jury instructions and verdict form.

22.   On March 25, 2025, Lead Plaintiffs filed a motion to bifurcate the upcoming trial, which would lead to resolving Class-wide issues in the first phase of trial before turning to any Lead Plaintiffs-specific issues in a second phase.  On March 27, 2025, Defendants filed a motion to empanel 12 jurors in the upcoming trial.  The Parties filed their oppositions to those respective motions on April 16, 2025.

23.   On April 23, 2025, following an earlier mediation with Robert A. Meyer of JAMS, the Parties reached an agreement in principle to settle and release all claims asserted in the Action against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $15,000,000, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers

24.   On June 12, 2025, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at EnergyTransferSecuritiesLitigation.com.

25.   On _____, 2025, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

---

26.   If you are a member of the Class, you are subject to the Settlement, unless you previously submitted a valid and timely request to be excluded from the Class.  The Class consists of:

> all persons who purchased or otherwise acquired common units of Energy Transfer between February 25, 2017, and November 11, 2019, inclusive (the "Class Period").

Excluded from the Class are: (i) Energy Transfer; (ii) any directors or officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are all persons and entities who submitted a valid and timely request for exclusion from the Class in connection with the mailing of the Class Notice.  A list of the persons and entities who requested exclusion is available at EnergyTransferSecuritiesLitigation.com.

**Please Note:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Claim Form, with the required supporting documentation as set forth therein, postmarked (or submitted online) no later than _____, 2025. You may obtain a copy of the Claim Form at EnergyTransferSecuritiesLitigation.com or by calling (844) 717-0724. Alternatively, you may submit an online claim through the website, EnergyTransferSecuritiesLitigation.com.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

27.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. Nonetheless, there were very significant risks in this litigation. First and foremost, during the course of the litigation, the Court's decisions, including its decision at summary judgement, substantially narrowed the claims that could be asserted by Lead Plaintiffs, including by dismissing certain alleged misstatements and certain of the alleged corrective disclosures. Following the Court's summary judgment decision, the potential damages that could be recovered for the Class were significantly reduced, and the $15 million settlement represents a meaningful percentage of the total potential damages remaining in the case at that time. Any appeals of the Court's decisions would have been highly risky and taken a substantial amount of additional time (mostly likely years), and there is no certainty that Lead Plaintiffs would fare better on appeal than they had in the trial court.

28.    Lead Plaintiffs also faced substantial risks in establishing all of the elements of their limited claims remaining for trial. For example, Lead Plaintiffs would still need to prove to a jury that the alleged misstatements about the projected capacity of the ME2 pipeline were material to investors and had impacted the price of Energy Transfer's common units. Defendants argued that, even if the projected in-service capacity of the ME2 pipeline was less than its as-designed capacity projection, it did not negatively impact Energy Transfer's financial performance. Specifically, Defendants would argue that the facts developed in discovery show that temporarily utilizing a smaller pipe provided enough capacity to accommodate all the shipping volume that Defendants had contracted and therefore Energy Transfer did not lose any revenue. Defendants would thus claim that Class Members would not be able to show any damages resulting from Defendants' misstatements about the projected capacity of ME2.

29.    Defendants would also challenge whether the single alleged corrective disclosure that the Court sustained—disclosures as to the ME2 pipeline's capacity and timeline that were made in an August 9, 2018 earnings call and analyst reports the following day—had actually caused the unit price decline at issue. Defendants were expected to continue to argue that Energy Transfer's planned temporary use of the smaller-diameter pipe was previously disclosed, that the unit price did not decline in response to the prior reports, and therefore the market's reaction in August 2018 could not have been related to that disclosure.

30.    Finally, if the case went to trial, Defendants would also have argued that there were no recoverable damages because it took the price of Energy Transfer's common units more than one day to fall in a statistically significant manner in response to the alleged corrective disclosure about the ME2 pipeline in August 2018. Defendants had presented the opinion of an expert in financial economics who opined that this was too attenuated a response to constitute recoverable damages, and while Lead Plaintiffs and their expert disagreed, there was a risk that Defendants' view could prevail at trial.

31.    In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and

adequate, and in the best interests of the Class. The Settlement provides a substantial benefit to the Class, namely $15,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further pretrial proceedings, at trial, and on any appeals, possibly years in the future.

32. Defendants have denied and continue to deny each and all of the claims asserted against them in the Action and deny that Class Members were harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at trial, or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34. As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

35. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

36. If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every Class Member, and their respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, as well as any other person or entity claiming through or on behalf of any of the foregoing and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity (collectively, "Releasing Plaintiffs Parties"), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

37. "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, local, common, statutory, administrative, or foreign law,

or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, including known claims and Unknown Claims, that Lead Plaintiffs or any other Class Member (i) asserted in the Complaint; or (ii) could have asserted in any other forum and that arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint which concerned Energy Transfer's planning, permitting, and construction of the ME2, ME2X, and Revolution pipelines, and that relate to the purchase or other acquisition of Energy Transfer common units during the Class Period.  This release does not cover, include, or release: (i) any claims asserted in *Davidson v. Warren*, No. DC-20-02332 (Dallas Cnty. Tex.); *Harris v. Warren*, No. 2-20-cv-00364-GAM (E.D. Pa.); *In re Energy Transfer LP Derivative Litig.*, No. 3:19-cv-02890-X (N.D. Tex.); and *Inter-Marketing Group USA, Inc. v. LE GP, LLC*, 2022-0139-SG (Del. Ch.); (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

38.  "Defendants' Releasees" means each and all of Defendants and their current and former parents, affiliates, subsidiaries, divisions, controlling unitholders, joint ventures, related or affiliated entities, Officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, managers, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, Immediate Family Members, insurers, indemnifiers, reinsurers, attorneys, and any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest.

39.  "Unknown Claims" means any Released Plaintiffs' Claims which any Releasing Plaintiffs Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Releasing Defendants Party does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Releasing Plaintiffs Parties and Releasing Defendants Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Releasing Plaintiffs Parties and Releasing Defendants Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, and their respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, as well as any other person or entity claiming through or on behalf of any of the foregoing and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity (collectively, "Releasing Defendants Parties"), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released

Defendants' Claim (as defined in ¶ 41 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

41.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. This release does not cover, include, or release any claims relating to the enforcement of the Stipulation or the Settlement.

42.    "Plaintiffs' Releasees" means Lead Plaintiffs and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

43.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at **EnergyTransferSecuritiesLitigation.com,** no later than **_____, 2025**.  You may obtain a Claim Form from the website maintained by the Claims Administrator for the case, EnergyTransferSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-844-717-0724 or by emailing the Claims Administrator at info@EnergyTransferSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Energy Transfer common units, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Energy Transfer common units.

44.    If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

45.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

46.    Pursuant to the Settlement, Defendants have agreed to cause $15,000,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notices to Class Members and administering the Settlement on behalf of Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

48.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

49.   Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 37 above) against the Defendants' Releasees (as defined in ¶ 38 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

51.   Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to Energy Transfer common units purchased through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY Energy Transfer common units purchased during the Class Period outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases of Energy Transfer common units during the Class Period may be made by the plan's trustees.

52.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

53.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54.   Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously submitted a valid and timely request to exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Energy Transfer common units.

55.   **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs.  At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

56.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $2,600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

57.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

58.   <u>**Please Note**</u>:  The date and time of the Settlement Hearing may change without further written notice to Class Members.  The Court may decide to allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members may participate by phone or video, it is important that you monitor the Court's docket and the case website, <u>EnergyTransferSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, <u>EnergyTransferSecuritiesLitigation.com</u>.  If the Court allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the case website, <u>EnergyTransferSecuritiesLitigation.com</u>.**

59.   The Settlement Hearing will be held on _____, 2025 at __:00 _.m., before the Honorable Gerald A. McHugh of the United States District Court for the Eastern District of Pennsylvania, either in person at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by videoconference, in the discretion of the Court.  At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys'

fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

60.   Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania, at the address set forth below **on or before _____, 2025**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2025.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Eastern District of Pennsylvania Clerk of the Court James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | **Bernstein Litowitz Berger & Grossmann LLP** Adam H. Wierzbowski 1251 Avenue of the Americas, 44th Floor New York, NY 10020  -and-  **Barrack, Rodos & Bacine** Jeffrey W. Golan 3300 Two Commerce Square 2001 Market Street Philadelphia, PA 19103 | **Gibson, Dunn & Crutcher LLP** Brian M. Lutz 555 Mission Street, Suite 3000 San Francisco, CA 94105  -and-  **Morgan, Lewis & Bockius LLP** Laura H. McNally 2222 Market Street Philadelphia, PA 19103 |

61.   Any objection must include:  (a) the name of this proceeding, *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM; (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) documents sufficient to prove membership in the Class, including documents showing the number of Energy Transfer common units that the objecting Class Member purchased/acquired and/or sold from February 25, 2017 through November 11, 2019, inclusive, as well as the date, number of units, and prices of each such purchase/acquisition and sale.  The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

62.   You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously submitted a valid and timely request to exclude yourself from the Class or if you are not a member of the Class.

63.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

64.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before _____, 2025**.  Such persons may be heard orally at the discretion of the Court.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

65.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2025**.

66.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, EnergyTransferSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

67.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| |
|---|
| **WHAT IF I BOUGHT ENERGY TRANSFER COMMON UNITS ON SOMEONE ELSE'S BEHALF?** |

68.    In connection with the previously disseminated Class Notice, nominees were advised that, if they purchased Energy Transfer common units from February 25, 2017 through November 11, 2019, inclusive, for the beneficial interest of persons or entities other than themselves, they must either (a) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND Legal Administration ("JND"); or (b) send a copy of the Class Notice by email to all such beneficial owners for whom they had email addresses, and request from JND sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses were not available, and then forward those Class Notices to all such beneficial owners.

69.    **If you previously provided the names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Energy Transfer common units from February 25, 2017, through November 11, 2019, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*.  The Claims Administrator will mail the Postcard Notice to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.

70.    If you elected to mail or email the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided

in the Action.  If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners, **and you must mail and/or email the Postcard Notices to their beneficial owners by no later than seven (7) calendar days after receipt of the Postcard Notices.**  If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, JND, toll-free at 1-877-390-3401, and let them know how many notices you require.

71.    If you have <u>not</u> already provided the names and addresses for all persons and entities on whose behalf you purchased Energy Transfer common units from February 25, 2017 through November 11, 2019, inclusive**,** in connection with the Class Notice, or if you have additional names or updated or changed information, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS SETTLEMENT NOTICE, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at *Energy Transfer Securities Litigation*, c/o JND Legal Administration, P.O. Box 91415, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners, or (ii) request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners, and mail the Postcard Notices to the beneficial owners within seven (7) calendar days of receipt.  **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

72.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.03 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.03 per Postcard Notice emailed; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator.  Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

73.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, EnergyTransferSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Energy Transfer Securities Litigation*
c/o JND Legal Administration
P.O. Box 91415
Seattle, WA 98111

844-717-0724
info@EnergyTransferSecuritiesLitigation.com

or

Adam H. Wierzbowski
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
settlements@blbglaw.com

Jeffrey W. Golan
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
877-386-3304
settlements@barrack.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

By Order of the Court
United States District Court
Eastern District of Pennsylvania

## Appendix A

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

74.    As discussed above, the Settlement provides $15,000,000 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

75.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Class.    Any  Orders  regarding  a  modification  to  the  Plan  will  be  posted  to EnergyTransferSecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

76.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

77.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Energy Transfer common units to be artificially inflated throughout the Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Energy Transfer common units in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

78.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Energy Transfer common unit.  In this case, Lead Plaintiffs alleged that Defendants made false statements and omitted material facts during the period from February 25, 2017 through November 11, 2019, inclusive, which had the effect of artificially inflating the price of Energy Transfer common units.  Lead Plaintiffs further alleged that corrective information was released to the market on August 9 and 10, 2018, October 21, 2018, and November 12, 2019, which removed the artificial inflation from the price of Energy Transfer common units on August 9, 2018, August 10, 2018, August 13, 2018, October 22, 2018, and November 12, 2019.  However, the Court made various rulings that significantly impacted the recoverable damages Plaintiffs were able to pursue in this case.

79.   Accordingly, the estimated artificial inflation in Energy Transfer units at various periods in the Class Period has been adjusted to reflect the litigation risks presented by the Court's dismissal of certain of the alleged misstatements and alleged corrective disclosures in the Action. ***First***, the amount of alleged artificial inflation that was deemed to have been removed from the price of Energy Transfer common units by the alleged corrective disclosures on October 22, 2018 and November 12, 2019 has been reduced by 90% to reflect the fact that the Court dismissed these two corrective disclosures from the case in its summary judgment decision (and, thus, the Class would have been unable to recover any damages for those price declines if the case had proceeded to trial).  Specifically, Lead Plaintiffs' damages expert's analysis had found that these two disclosures had removed $0.51 and $0.60 of artificial inflation from the price of Energy Transfer common units on October 22, 2018 and November 12, 2019, respectively. Because those disclosures were dismissed by the Court, they are instead treated as having removed just $0.05 and $0.06 of inflation, respectively. ***Second,*** the Plan applies a limited level of $0.10 per common unit of artificial inflation during the beginning portion of the Class Period (from February 25, 2017 through August 8, 2017) to reflect the fact that, as a result of the Court's decisions dismissing certain claims, at the time of the Settlement the first remaining actionable misstatement in the Action was not made until August 9, 2017.  These adjustments allow Claimants who purchased in these periods (from February 25, 2017 through August 8, 2017 and from August 13, 2018 through November 11, 2019), who would have not been eligible for recovery at trial, the possibility of some recovery in the Settlement, at significantly discounted amounts.  In contrast, the artificial inflation recognized under the Plan in connection with the misstatements and corrective disclosure that were sustained by the Court has not been discounted, such that Claimants who purchased their Energy Transfer common units after August 8, 2017 and held those units through some or all of the price decline that occurred August 9 through 13, 2018 will receive proportionally more per unit.

80.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Energy Transfer common units at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member that purchased or otherwise acquired Energy Transfer common units during the Class Period must have held those units through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Energy Transfer common units.

## CALCULATION OF RECOGNIZED LOSS AMOUNT

81.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Energy Transfer common units during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  As noted above, Energy Transfer was formerly known as Energy Transfer Equity, L.P. and changed its name to Energy Transfer LP in October 2018. During the Class Period, Energy Transfer common units traded on the New York Stock Exchange under the ticker symbol "ETE" (before October 19, 2018) and "ET" (on and after October 19, 2018).  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[2]

---

[2] Any transactions in Energy Transfer common units executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

82.  For each Energy Transfer common unit purchased or otherwise acquired during the Class Period (that is, the period from February 25, 2017, through and including November 11, 2019), and:

A.  Sold prior to the close of trading on August 8, 2018, the Recognized Loss Amount will be $0.00.

B.  Sold from August 9, 2018 though and including the close of trading on November 11, 2019, the Recognized Loss Amount will be **the lesser of:** (i) the amount of artificial inflation per unit on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per unit on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

C.  Sold from November 12, 2019 through and including the close of trading on February 7, 2020, the Recognized Loss Amount will be **the least of**: (i) the amount of artificial inflation per unit on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from November 12, 2019 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

D.  Held as of the close of trading on February 7, 2020, the Recognized Loss Amount will be **the lesser of**: (i) the amount of artificial inflation per unit on the date of purchase/acquisition as stated in Table A below, or (ii) the purchase/acquisition price *minus* $12.56.[3]

## ADDITIONAL PROVISIONS

83.  **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 82 above.

84.  **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Energy Transfer common units during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Energy Transfer common units during the "90-day look-back period" from November 12, 2019 through February 7, 2020. The mean (average) closing price for Energy Transfer's common unit during this period was $12.56.

85. **Purchase/Sale Prices:** For the purposes of calculations in ¶ 82 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

86. **Acquisition of Energy Transfer Common Units Through Merger:** If a Claimant acquired Energy Transfer common units during the Class Period as a result of a merger or through the conversion of another security, that acquisition shall be treated as an eligible purchase, and the "purchase" price applied to that acquisition shall be the closing market price of Energy Transfer common units on the date the Energy Transfer common units are received. This provision will apply to Claimants who acquired Energy Transfer common units on or about October 19, 2018 as a result of their prior holding of Energy Transfer Partners, L.P. ("ETP") common units.

87. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Energy Transfer common units will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Energy Transfer common units during the Class Period will not be deemed a purchase, acquisition, or sale of Energy Transfer common units for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Energy Transfer common units unless (i) the donor or decedent purchased or otherwise acquired or sold such Energy Transfer common units during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such units.

88. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Energy Transfer common units. The date of a "short sale" is deemed to be the date of sale of the Energy Transfer common units. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero. In the event that a Claimant has an opening short position in Energy Transfer common units, the earliest purchases or acquisitions of Energy Transfer common units during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

89. **Common Units Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Energy Transfer common units purchased or sold through the exercise of an option, the purchase/sale date of the common unit is the exercise date of the option and the purchase/sale price is the exercise price of the option.

90. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Energy Transfer common units during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the

---

[4]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all Energy Transfer common units purchased or acquired during Class Period.

Claimant's Total Sales Proceeds[5] and the Claimant's Holding Value.[6]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

91.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions Energy Transfer common units during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Energy Transfer common units during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

92.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

93.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

94.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

95.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead

---

[5]  The Claims Administrator shall match any sales of Energy Transfer common units during the Class Period first against the Claimant's opening position in Energy Transfer common units (the proceeds of those sales will not be considered for calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the Energy Transfer common units sold during the Class Period is the "Total Sales Proceeds."

[6]  The Claims Administrator shall ascribe a "Holding Value" of $11.66 to each Energy Transfer common unit purchased or acquired during the Class Period that was still held as of the close of trading on November 11, 2019.

Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages experts, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

| Estimated Artificial Inflation in Energy Transfer Common Units February 25, 2017 through November 11, 2019 | |
|---|---|
| **Date Range** | **Estimated Artificial Inflation Per Common Unit** |
| February 25, 2017 – August 8, 2017 | $0.10 |
| August 9, 2017 –August 8, 2018 | $0.98 |
| August 9, 2018 | $0.88 |
| August 10, 2018 – August 12, 2018 | $0.70 |
| August 13, 2018 – October 21, 2018 | $0.11 |
| October 22, 2018 – November 11, 2019 | $0.06 |

**TABLE B**

| Date | Closing Price | Average Closing Price Between November 12, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between November 12, 2019 and Date Shown |
|---|---|---|---|---|---|
| 11/12/2019 | $11.66 | $11.66 | 12/26/2019 | $13.14 | $12.06 |
| 11/13/2019 | $11.16 | $11.41 | 12/27/2019 | $12.99 | $12.09 |
| 11/14/2019 | $11.18 | $11.33 | 12/30/2019 | $12.71 | $12.11 |
| 11/15/2019 | $11.62 | $11.41 | 12/31/2019 | $12.83 | $12.13 |
| 11/18/2019 | $11.33 | $11.39 | 1/2/2020 | $13.34 | $12.17 |
| 11/19/2019 | $11.38 | $11.39 | 1/3/2020 | $13.55 | $12.20 |
| 11/20/2019 | $11.36 | $11.38 | 1/6/2020 | $13.68 | $12.24 |
| 11/21/2019 | $11.91 | $11.45 | 1/7/2020 | $13.63 | $12.28 |
| 11/22/2019 | $11.93 | $11.50 | 1/8/2020 | $13.34 | $12.31 |
| 11/25/2019 | $12.30 | $11.58 | 1/9/2020 | $13.43 | $12.34 |
| 11/26/2019 | $11.96 | $11.62 | 1/10/2020 | $13.27 | $12.36 |
| 11/27/2019 | $11.87 | $11.64 | 1/13/2020 | $13.51 | $12.39 |
| 11/29/2019 | $11.81 | $11.65 | 1/14/2020 | $13.56 | $12.41 |
| 12/2/2019 | $11.63 | $11.65 | 1/15/2020 | $13.50 | $12.44 |
| 12/3/2019 | $11.40 | $11.63 | 1/16/2020 | $13.58 | $12.46 |
| 12/4/2019 | $11.33 | $11.61 | 1/17/2020 | $13.56 | $12.49 |
| 12/5/2019 | $11.60 | $11.61 | 1/21/2020 | $13.08 | $12.50 |
| 12/6/2019 | $11.50 | $11.61 | 1/22/2020 | $12.71 | $12.50 |
| 12/9/2019 | $11.79 | $11.62 | 1/23/2020 | $12.99 | $12.51 |
| 12/10/2019 | $12.04 | $11.64 | 1/24/2020 | $12.75 | $12.52 |
| 12/11/2019 | $12.16 | $11.66 | 1/27/2020 | $12.61 | $12.52 |
| 12/12/2019 | $12.64 | $11.71 | 1/28/2020 | $12.79 | $12.53 |
| 12/13/2019 | $12.73 | $11.75 | 1/29/2020 | $12.85 | $12.53 |
| 12/16/2019 | $12.80 | $11.80 | 1/30/2020 | $12.78 | $12.54 |
| 12/17/2019 | $12.62 | $11.83 | 1/31/2020 | $12.59 | $12.54 |
| 12/18/2019 | $12.95 | $11.87 | 2/3/2020 | $12.80 | $12.54 |
| 12/19/2019 | $12.92 | $11.91 | 2/4/2020 | $12.88 | $12.55 |
| 12/20/2019 | $13.07 | $11.95 | 2/5/2020 | $13.00 | $12.56 |
| 12/23/2019 | $13.05 | $11.99 | 2/6/2020 | $12.71 | $12.56 |
| 12/24/2019 | $13.07 | $12.03 | 2/7/2020 | $12.56 | $12.56 |

# Exhibit A-3

Exhibit A-3

***Energy Transfer Securities Litigation***
**Toll-Free Number: (844) 717-0724**
**Email: info@EnergyTransferSecuritiesLitigation.com**
**Website: <u>EnergyTransferSecuritiesLitigation.com</u>**

# <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at <u>EnergyTransferSecuritiesLitigation.com</u>, with supporting documentation, *postmarked* **(if mailed) or received no later than _____, 2025**.

### Mail to:

***Energy Transfer Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91415**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above or online at EnergyTransferSecuritiesLitigation.com.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN ENERGY TRANSFER COMMON UNITS (NYSE Ticker: ET and previously ETE; CUSIP: 29273V100)** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **7** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                        Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                        Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City                                        State/Province    Zip Code

Foreign Postal Code (if applicable)              Foreign Country (if applicable)

Telephone Number (Day)                           Telephone Number (Evening)

Email Address (email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**
Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership            ☐ Estate               ☐ Trust                   ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  If you are not a Class Member (see the definition of the Class on page [__] of the Settlement Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Class in connection with the previously disseminated Class Notice and are listed on Appendix B to the Stipulation and Agreement of Settlement, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Energy Transfer LP ("Energy Transfer") common units (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only persons who purchased or otherwise acquired Energy Transfer common units between February 25, 2017, and November 11, 2019, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Energy Transfer common units during the period from November 12, 2019 through the close of trading on February 7, 2020 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Energy Transfer common units set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Energy Transfer common units.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.     **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.     Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Energy Transfer common units.  The complete name(s) of the beneficial owner(s) must be entered. If you held the Energy Transfer common units in your own name, you were the beneficial owner as well as the record owner.  If, however, your Energy Transfer common units were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.     **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Energy Transfer common units made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Energy Transfer common units; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Energy Transfer common units you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@EnergyTransferSecuritiesLitigation.com, or by toll-free phone at (844) 717-0724, or you can visit the website, EnergyTransferSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at EnergyTransferSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@EnergyTransferSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@EnergyTransferSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (844) 717-0724.**

**PART III – SCHEDULE OF TRANSACTIONS IN ENERGY TRANSFER COMMON UNITS**

The only eligible securities are the common units of Energy Transfer LP ("Energy Transfer").  Before October 19, 2018, Energy Transfer LP was known as Energy Transfer Equity, L.P. and its ticker symbol on the NYSE was **ETE**.  On October 19, 2018, Energy Transfer Equity, L.P. changed its name to Energy Transfer LP and changed its NYSE ticker symbol to **ET**.  Please include trades in both ETE and ET during the relevant time periods below**.**  The CUSIP for the eligible Energy Transfer common units at all times was **29273V100**.  Do not include information regarding any other securities.  Please include proper documentation with your Claim Form as described in Part II – General Instructions, ¶ 6, above.

| | |
|---|---|
| **1.  HOLDINGS AS OF FEBRUARY 25, 2017 –** State the total number of Energy Transfer common units (NYSE ticker ETE) held as of the opening of trading on February 25, 2017.  (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ |

**2.  PURCHASES/ACQUISITIONS FROM FEBRUARY 25, 2017 THROUGH NOVEMBER 11, 2019 –** Separately list each and every purchase or acquisition (including free receipts) of Energy Transfer common units from February 25, 2017 through the close of trading on November 11, 2019.  (Must be documented.)

   **NOTE:**  If you held units in Energy Transfer Partners, L.P. ("ETP") prior to October 19, 2018 and you received common units of ET as the result of the merger of ETE and ETP on or about October 19, 2018, please list those units below as an acquisition of ET common units on 10/19/2018.  You may leave the purchase price blank.  The market value of the ET common units on the date of acquisition will be treated as the purchase price of those units.

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Units Purchased/Acquired | Purchase/Acquisition Price Per Unit | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3.  PURCHASES/ACQUISITIONS FROM NOVEMBER 12, 2019 THROUGH FEBRUARY 7, 2020 –** State the total number of Energy Transfer common units purchased or acquired (including free receipts) from November 12, 2019 through the close of trading on February 7, 2020.  If none, write "zero" or "0."

| 4. SALES FROM FEBRUARY 25, 2017 THROUGH FEBRUARY 7, 2020 – Separately list each and every sale or disposition (including free deliveries) of Energy Transfer common units from February 25, 2017 through the close of trading on February 7, 2020. (Must be documented.) | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units Sold | Sale Price Per Unit | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| 5. HOLDINGS AS OF FEBRUARY 7, 2020 – State the total number of Energy Transfer common units held as of the close of trading on February 7, 2020. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX. ☐**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, as well as any other person or entity claiming through or on behalf of any of the foregoing and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that the claimant(s) did **not** submit a request for exclusion from the Class in connection with the previously disseminated Class Notice that is included in Appendix B to Stipulation (available at EnergyTransferSecuritiesLitigation.com);

4.      that I (we) own(ed) the Energy Transfer common units identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Energy Transfer common units and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____    _____
Signature of claimant                                                                                                      Date


_____
Print claimant name here


_____    _____
Signature of joint claimant, if any                                                                                  Date


_____
Print joint claimant name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____    _____
Signature of person signing on behalf of claimant                                                          Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (844) 717-0724.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@EnergyTransferSecuritiesLitigation.com, or by toll-free phone at (844) 717-0724, or you may visit EnergyTransferSecuritiesLitigation.com.  DO NOT call Energy Transfer or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT ENERGYTRANSFERSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2025**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Energy Transfer Securities Litigation*
c/o JND Legal Administration
P.O. Box 91415
Seattle, WA 9811

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____**, 2025**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-4

**Exhibit A-4**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-00200-GAM |
| Plaintiffs, | |
| v. | |
| ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY, | |
| Defendants. | |

## SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **all persons who purchased or otherwise acquired common units of Energy Transfer LP ("Energy Transfer") between February 25, 2017, and November 11, 2019, inclusive (the "Class Period")[1]:**

---

[1] Before October 19, 2018, Energy Transfer LP was known as Energy Transfer Equity, L.P. and its common unit ticker symbol was **ETE**. On October 19, 2018, Energy Transfer Equity, L.P. changed its name to Energy Transfer LP and changed its common unit ticker symbol to **ET**. Certain persons and entities are excluded from the Class by definition and others are excluded

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (together, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class, have reached a proposed settlement of the above-captioned securities class action (the "Action") for **$15,000,000** in cash (the "Settlement").  If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Energy Transfer and certain of its senior officers violated federal securities laws.  Lead Plaintiffs allege, among other things, that Defendants made material misrepresentations and omissions during the Class Period about Energy Transfer's construction of a set of pipeline projects across Pennsylvania, consisting of the Mariner East 2, Mariner East 2X, and Revolution pipelines, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that the executive defendants controlled Energy Transfer when the misstatements were made, in violation of Section 20(a) of the Exchange Act.  Defendants[2] deny all allegations in the Action and deny any violations of the federal securities laws.

A hearing will be held on _____, 2025, at __:__ __.m., before the Honorable Gerald A. McHugh of the United States District Court for the Eastern District of Pennsylvania, either in person at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by videoconference, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Settlement Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**.  This notice provides only a summary of the information contained in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice").  You may obtain copies of the Settlement Notice and the Claim Form by contacting the Claims Administrator at: *Energy Transfer Securities Litigation*, c/o JND Legal Administration, P.O. 91415, Seattle, WA 98111; (844) 717-0724; info@EnergyTransferSecuritiesLitigation.com.  Copies of the Settlement Notice and Claim Form can also be downloaded from the Settlement website, EnergyTransferSecuritiesLitigation.com.

---

pursuant to their prior request.  The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated June 12, 2025 ("Stipulation").  The Stipulation can be viewed and/or obtained at EnergyTransferSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than _____, 2025**. To submit a claim online, visit EnergyTransferSecuritiesLitigation.com. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2025**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Energy Transfer Securities Litigation*
c/o JND Legal Administration
P.O. Box 91415
Seattle, WA 98111

(844) 717-0724
info@EnergyTransferSecuritiesLitigation.com
EnergyTransferSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, should be made to Lead Counsel:

| | |
|---|---|
| Adam H. Wierzbowski | Jeffrey W. Golan |
| Bernstein Litowitz Berger & Grossmann LLP | Barrack, Rodos & Bacine |
| 1251 Avenue of the Americas, 44th Floor | 3300 Two Commerce Square |
| New York, NY 10020 | 2001 Market Street |
| (800) 380-8496 | Philadelphia, PA 19103 |
| settlements@blbglaw.com | 877-386-3304 |
| | settlements@barrack.com |

By Order of the Court

# Exhibit B

Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-00200-GAM |
| Plaintiffs, | |
| v. | |
| ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY, | |
| Defendants. | |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al.*, Case No. 2:20-cv-00200-GAM (the "Action");

WHEREAS, by Order dated August 23, 2022 (ECF No. 114), the Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired common units of Energy Transfer between February 25, 2017, and November 11, 2019, inclusive (the

"Class Period").[1]    The Court also appointed Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs") as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine as Class Counsel for the Class;

WHEREAS, by Order dated April 26, 2024 (ECF No. 206), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by July 16, 2024, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 17, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 735,000 copies of the Class Notice, and 257 requests for exclusion from the Class were received by August 6, 2024 (ECF No. 214 ¶¶ 3, 9, 13);

---

[1] Excluded from the Class are: (i) Energy Transfer; (ii) any directors or officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix B to the Stipulation.

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class; and (b) Defendant Energy Transfer LP ("Energy Transfer" or the "Company") and Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, and Matthew S. Ramsey (collectively, the "Individual Defendants," and together with Energy Transfer, "Defendants," and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 12, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2025; and (b) the Postcard Notice, Settlement Notice, and the Summary Settlement Notice, which were filed with the Court on _____, 2025.

3.    **Notice** – The Court finds that the dissemination of the Postcard Notice and Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other

applicable law and rules.  No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Class Members are bound by this Judgment.

4.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      **<u>Releases</u>** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date, each of the Releasing Plaintiffs Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date, each of the Releasing Defendants Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and

enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

9.      Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.      **No Admissions** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Defendants' Releasees with respect to: (I) the truth of any fact alleged by Lead Plaintiffs; or (II) the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation (including without limitation the validity of elements of any claim addressed by the Court in any order that could have been overturned on appeal),

or (b) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit (including, without limitation, any argument as to the lack of merit of Lead Plaintiffs' claims that were addressed by the Court in any order that could have been overturned on appeal), that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (b) any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and any other of the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead

Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of April 23, 2025, as provided in the Stipulation.

     16.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

     SO ORDERED this _____ day of _____, 2025.


_____
     The Honorable Gerald A. McHugh
     United States District Judge

#3697193