THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY,<br><br>                Defendants. | Case No. 2:20-cv-00200-GAM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD
COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................... 1

II. THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL OF
THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE
REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES .......................... 2

    A. The Court-Approved Robust Notice Program ........................................................ 2

    B. The Class's Reaction Supports Approval of the Settlement and the Plan of
Allocation ................................................................................................................ 4

    C. The Class's Reaction Supports Approval of the Fee and Expense
Application .............................................................................................................. 5

III. CONCLUSION ................................................................................................................. 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re AremisSoft Corp. Sec. Litig.*,
   210 F.R.D. 109 (D.N.J. 2002) ................................................................................................5

*In re AT&T Corp.*,
   455 F.3d 160 (3d Cir. 2006) ...................................................................................................6

*In re AT&T Corp. Sec. Litig.*,
   2005 WL 6716404 (D.N.J. Apr. 25, 2005) .............................................................................5

*In re Bisys Sec. Litig.*,
   2007 WL 2049726 (S.D.N.Y. July 16, 2007) ........................................................................6

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   343 F. Supp. 3d 394 (S.D.N.Y. 2018) ....................................................................................5

*In re Linerboard Antitrust Litig.*,
   296 F. Supp. 2d 568 (E.D. Pa. 2003) .....................................................................................4

*In re Lucent Techs., Inc., Secs. Litig.*,
   307 F. Supp. 2d 633 (D.N.J. 2004) ........................................................................................5

*In re Nat'l Football League Players Concussion Injury Litig.*,
   821 F.3d 410 (3d Cir. 2016) ...................................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ...................................................................................................6

*Rodriguez v. Infinite Care, Inc.*,
   2016 WL 6804430 (E.D. Pa. Nov. 17, 2016) ........................................................................4

*Vinh Du v. Blackford*,
   2018 WL 6604484 (D. Del. Dec. 18, 2018) ..........................................................................4

*Whiteley v. Zynerba Pharms., Inc.*,
   2021 WL 4206696 (E.D. Pa. Sept. 16, 2021) ....................................................................4, 5

*In re Wilmington Tr. Sec. Litig.*,
   2018 WL 6046452 (D. Del. Nov. 19, 2018) ..........................................................................5

**STATUTES**

28 U.S.C. § 1715(b) ......................................................................................................................3

Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class, and Lead Counsel, respectfully submit this reply memorandum of law in further support of, respectively, (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 278); and (b) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 279) (the "Motions").[1]

## I.      PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for an all-cash payment of $15 million. As detailed in Lead Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 278-280), the proposed Settlement is the product of more than five years of vigorous litigation and is a favorable result for the Class in light of the range of potential recoveries at trial and the significant risks of continued litigation.

The Settlement has also now been overwhelmingly endorsed by the Class. Since the Court granted preliminary approval, the Court-approved Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's July 9, 2025 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 275) ("Preliminary Approval Order"). The notice program included, *inter alia*, mailing or emailing over 745,000 copies of the Postcard Notice and over 5,000 copies of the Settlement Notice Packet to potential Class Members and nominees, publication of a Summary Settlement

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings in the Stipulation and Agreement of Settlement dated June 12, 2025 (ECF No. 274-2) (the "Stipulation").

Notice in *Investor's Business Daily* and over *PR Newswire*, and the use of a dedicated case website run by the Claims Administrator.  Following this comprehensive notice program, ***no objections were received*** with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  The complete lack of objections represents a significant endorsement by the Class of the proposed Settlement, Plan of Allocation, and the requested fees and expenses.  The absence of any objections is especially noteworthy here given that the majority of the Class is comprised of institutional investors, who have the staff and resources to object if they believe there is cause to do so.  None did so here.  Moreover, Lead Plaintiffs, which are themselves experienced and sophisticated institutional investors that actively oversaw the Action, have expressly endorsed the Settlement and the requested attorneys' fees and expenses.  *See* ECF No. 280-1, at ¶¶ 3-9; ECF No. 280-2, at ¶¶ 3-9; ECF No. 280-3, at ¶¶ 3-9; ECF No. 280-4, at ¶¶ 3-9; ECF No. 280-5, at ¶¶ 3-9.

As explained below, this overwhelmingly positive reaction of the Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrated why approval of the Motions is warranted.  Now that the time for objecting has passed, the lack of any objections establishes that the "reaction of the class" factor also strongly supports approval of both Motions.

### A.    The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, over 745,000 copies of the Postcard Notice and over 5,000 copies of the Settlement Notice Packet have been mailed or

2

emailed to potential Class Members and their nominees.  *See* Supplemental Declaration of Luiggy Segura Regarding (A) Continued Mailing of the Postcard Notice and Settlement Notice Packet and (B) Report on Claims Received to Date (the "Suppl. Segura Decl."), attached hereto as Exhibit 1, at ¶ 2.  The notices informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses (including potential reimbursement awards to Lead Plaintiffs as authorized by the PSLRA) in an amount not to exceed $2,600,000.  *See* Postcard Notice at 2, Settlement Notice ¶¶ 5, 56.  The notices also apprised Class Members of their right to object to any aspect of the proposed Settlement and the September 16, 2025 deadline for doing so.  *See* Postcard Notice at 2; Settlement Notice at p. 3 and ¶¶ 60-61.

In addition, the Summary Settlement Notice was published in *Investor's Business Daily* and over *PR Newswire* on August 11, 2025.  *See* Declaration of Luiggy Segura Regarding: (A) Mailing of the Postcard Notice and Settlement Notice Packet and (B) Publication of the Summary Settlement Notice (ECF No. 280-6) at ¶ 6.  The Summary Settlement Notice informed readers of the proposed Settlement, how to obtain copies of the Settlement Notice and Claim Form, and the deadlines for the submission of Claim Forms and objections.

On September 2, 2025, 14 days before the objection deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF No. 278-280), and they were also posted on the case website, www.EnergyTransferSecuritiesLitigation.com, the same day.  *See* Suppl. Segura Decl. ¶ 3.  In addition, notice of the Settlement was provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), on June 20, 2025.  *See* ECF No. 277.

As noted above, following implementation of this comprehensive notice program, not a single Class Member submitted an objection to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.

### B. The Class's Reaction Supports Approval of the Settlement and the Plan of Allocation

The absence of any objections from Class Members strongly supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 438 (3d Cir. 2016), as amended (May 2, 2016) (finding that objections from only approximately 1% of class members weighs in favor of settlement approval); *Whiteley v. Zynerba Pharms., Inc.*, 2021 WL 4206696, at *3 (E.D. Pa. Sept. 16, 2021) (the lack of objections was "persuasive evidence of the fairness and adequacy of the proposed settlement, and weighs in favor of a final approval"); *Rodriguez v. Infinite Care, Inc.*, 2016 WL 6804430, at *4 (E.D. Pa. Nov. 17, 2016) (same); *Vinh Du v. Blackford*, 2018 WL 6604484, at *6 (D. Del. Dec. 18, 2018) ("In that no shareholder has objected to the settlement, this factor weighs heavily in favor of settlement."); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 578 (E.D. Pa. 2003) ("unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement") (citation omitted). Thus, in addition to the significant risks of continued litigation and other factors addressed in Lead Plaintiffs' opening motion papers, the reaction of the Class weighs heavily in favor of approval of the proposed Settlement.

Moreover, the lack of objections here is particularly notable given that sophisticated institutional investors owned the majority of the Energy Transfer common units outstanding during the Class Period. *See, e.g.*, Expert Report of Chad Coffman, CFA (ECF No. 79-9), at ¶ 74 (institutional investors held on average 63.46% of the public float of Energy Transfer common

units during the Class Period). As courts have recognized, an absence of objections from such sophisticated institutional investors—who readily possess the resources, financial motivation, and legal staff to object to anything that they believe to be unfair or unreasonable—particularly supports approval. *See In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *5 (D. Del. Nov. 19, 2018) (lack of objections by institutional investors, who owned significant percentage of securities at issue, "weighs in favor of the settlements"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The favorable reaction of the Class also supports approval of the Plan of Allocation. *See, e.g.*, *In re Lucent Techs., Inc., Secs. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. . . . [N]o Class Member has objected to the Plan of Allocation."); *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 127 (D.N.J. 2002) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. No Class Member has objected to the Plan of Allocation[.]").

### C. The Class's Reaction Supports Approval of the Fee and Expense Application

The uniformly positive reaction of the Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses. Courts recognize that the absence of any objections to the Settlement or to the requested fees and expenses weighs in favor of a finding that the requested fees are fair and reasonable. *See Zynerba Pharms.*, 2021 WL 4206696, at *11 ("The lack of any objections is strongly indicative of approval by the Class. Accordingly, this factor weighs in favor of approved of the requested fees."); *Wilmington Trust,* 2018 WL

6046452, at *8 (no objections to plaintiffs' counsel's fee and expense application "weighs in favor of the request for fees"); *In re AT&T Corp.*, 455 F.3d 160, 170 (3d Cir. 2006) (agreeing with the District Court's determination that "the absence of substantial objections by class members to the fees requested by counsel strongly supports approval").

As with approval of the Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the uniformly positive reaction of the Class strongly supports approval of the fee and expense request.

## III.   CONCLUSION

For the foregoing reasons, and the additional points and authorities set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

| | |
|---|---|
| Dated: September 30, 2025 | Respectfully submitted, |

        **BARRACK, RODOS & BACINE**

        */s/ Jeffrey W. Golan*
        Jeffrey W. Golan
        Chad A. Carder
        Danielle M. Weiss
        Jordan Laporta
        3300 Two Commerce Square
        2001 Market Street
        Philadelphia, PA 19103
        Tel: (215) 963-0600
        Fax: (215) 963-0838
        jgolan@barrack.com
        ccarder@barrack.com
        dweiss@barrack.com
        jlaporta@barrack.com

        **BERNSTEIN LITOWITZ BERGER**
         **& GROSSMANN LLP**

        */s/ Adam H. Wierzbowski*
        John Rizio-Hamilton*
        Adam H. Wierzbowski*
        Li Yu*
        Michael M. Mathai*
        1251 Avenue of the Americas
        New York, NY 10020
        Tel: (212) 554-1400
        Fax: (212) 554-1444
        johnr@blbglaw.com
        adam@blbglaw.com
        li.yu@ blbglaw.com
        michael.mathai@blbglaw.com

        *Counsel for Lead Plaintiffs*
        *and Lead Counsel for the Class*

        *\*Admitted Pro Hac Vice*

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on September 30, 2025, I caused the Reply Memorandum of Law in Further Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses and its exhibits to be filed and submitted electronically, served via email on all counsel of record, and to be made available for viewing and downloading from the CM/ECF system.

/s/ *Adam H. Wierzbowski*
Adam H. Wierzbowski