# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, DENVER EMPLOYEES RETIREMENT PLAN, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS NATIONAL PENSION FUND, and IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-00200-GAM |
| Plaintiffs, |  |
| v. |  |
| ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL MCCREA, and MATTHEW S. RAMSEY, |  |
| Defendants. |  |

## ORDER  APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *Allegheny County Employees' Retirement System, et al. v. Energy Transfer LP, et al*., Case No. 2:20-cv-00200-GAM (the "Action");

WHEREAS, by Order dated August 23, 2022 (ECF No. 114), the Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired common units of Energy Transfer between February 25, 2017, and November 11, 2019, inclusive (the

"Class Period").[1]   The Court also appointed Lead Plaintiffs Allegheny County Employees' Retirement System, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, Denver Employees Retirement Plan, International Association of Machinists and Aerospace Workers National Pension Fund, and Iowa Public Employees' Retirement System (collectively, "Lead Plaintiffs") as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine as Class Counsel for the Class;

WHEREAS, by Order dated April 26, 2024 (ECF No. 206), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by July 16, 2024, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 17, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 735,000 copies of the Class Notice, and 257 requests for exclusion from the Class were received by August 6, 2024 (ECF No. 214 ¶¶ 3, 9, 13);

---

[1] Excluded from the Class are: (i) Energy Transfer; (ii) any directors or officers of Energy Transfer during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Energy Transfer; (iv) any firm, trust, corporation, or other entity in which Energy Transfer has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix B to the Stipulation.

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class; and (b) Defendant Energy Transfer LP ("Energy Transfer" or the "Company") and Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, and Matthew S. Ramsey (collectively, the "Individual Defendants," and together with Energy Transfer, "Defendants," and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 12, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 9, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 7, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

It is this 8th day of October, 2025, hereby **ORDERED** as follows:

1.      <u>**Jurisdiction**</u> – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      <u>**Incorporation of Settlement Documents**</u> – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 13, 2025; and (b) the Postcard Notice, Settlement Notice, and the Summary Settlement Notice, which were filed with the Court on September 2, 2025.

3.      <u>**Notice**</u> – The Court finds that the dissemination of the Postcard Notice and Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other

applicable law and rules.  No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Class Members are bound by this Judgment.

4.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all  the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether any individual Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      **<u>Releases</u>** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date, each of the Releasing Plaintiffs Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date, each of the Releasing Defendants Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and

enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

9.      Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.      **No Admissions** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

   (a)      shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Defendants' Releasees with respect to: (I) the truth of any fact alleged by Lead Plaintiffs; or (II) the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation (including without limitation the validity of elements of any claim addressed by the Court in any order that could have been overturned on appeal),

or (b) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of: (a) any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit (including, without limitation, any argument as to the lack of merit of Lead Plaintiffs' claims that were addressed by the Court in any order that could have been overturned on appeal), that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (b) any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and any other of the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead

Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of April 23, 2025, as provided in the Stipulation.

16.    **<u>Entry of Final Judgment</u>** – The entry of this Order shall constitute final judgment in this action.

<u>/s/ Gerald Austin McHugh</u>
United States District Judge
